# Benziger *v.* Miller.

### *Action for Breach of Contract of Employment as Teacher.*

1. *Internal revenue stamp on contract; memorandum of contract under statute of frauds.* — Where parties negotiate by letter for the performance of services by one for the other, and the letters show on their face that they are merely used as a means of communication, and are not intended to be the contract itself, it is not necessary that they should be stamped as a contract, under " schedule B " of the internal revenue law; though one of them may, nevertheless, be such a "note or memorandum of the contract, expressing the consideration, and subscribed by the party to be charged therewith," as will satisfy the requisitions of the statute of frauds. Rev. Code, § 1862.

2. *When infant may sue on contract for personal services, made by father.* — An infant may sue for the breach of a contract for employment as a teacher, made for her by her father, although her father might also maintain an action; and his relinquishment of his right to her services or wages, in such case, may be inferred from circumstances.

3. *Payment to father, as agent of child.* — When an infant sues for the breach of a contract of employment, made for her by her father, the defendant may prove payments made to her father on account of her services, if it appears that she was living with him at the time, and the evidence justifies the belief that, in receiving the money, he was acting as her agent, or in the exercise of proper parental care and authority.

4. *Damages for breach of contract of employment.* — In an action against the proprietor of a school, for the breach of a contract to employ the plaintiff as a teacher, made for her by her father during her absence in Europe, where she was travelling with her mother, the plaintiff cannot recover, as a part of her damages, the expenses of her journey home, when it does not appear that such expenses were incurred in consequence of the contract, or were in the contemplation of the parties when it was made.

5. *Evidence in mitigation of damages; hearsay.* — In such action, the defendant may show, in mitigation of damages, that the plaintiff obtained other employment during the time covered by the contract, and received compensation for it; but the declarations of the plaintiff's father as to such employment and compensation, though made in her presence, are mere hearsay, and therefore inadmissible as evidence to prove the fact.

6. *Charge as to intention of parties to contract.* — In an action by an infant, for the breach of a contract, made by her father, for her employment by the defendant as a teacher, a charge instructing the jury, that the plaintiff cannot recover, "if the defendant thought he was contracting with the father for his own benefit," is erroneous.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. P. O. HARPER.

This action was brought by Wilhelmina Benziger, an infant, who sued by her father as her next friend, against John Miller, to recover damages for the defendant's breach of a contract, made between him and the plaintiff's father, for the plaintiff's employment as a teacher of music in the " Wilcox Female Institute " at Camden, of which the defendant was in charge as principal, at a salary of $700 for the scholastic year commencing on the 7th October, 1867, and continuing nine months. The original complaint contained a count for the breach of a verbal contract between the parties, and the common count for work and labor ; while the amended complaint contained several additional counts on a written contract, evidenced by letters written by the defendant to the plaintiff's father. The defendant pleaded, " in short by consent," the general issue, the statute of frauds as to contracts not to be performed within one year, payment, set-off, and recoupment of damages on account of the plaintiff's failure to perform the contract on her part ; and issue was joined on all these pleas. The material facts of the case, so far as they relate to the points decided by this court, will be readily understood from the opinion.

DEAS & JONES, for the appellant.

S. J. CUMMING, *contra.*

B. F. SAFFOLD, J. — The appellant, by action of *assumpsit*, claimed to recover of the appellee damages, in separate

counts, for breach, first of a verbal contract, and secondly of a written contract. Some of the common counts appropriate to the cause of action were added. The defences were, the general issue, the statute of frauds in respect to agreements not to be performed within the year, payment, set-off, and recoupment.

The defendant and William Benziger, the father of the plaintiff, and her next friend, by letters first, and afterwards in a personal interview, the plaintiff being present and participating, entered into an agreement under which the plaintiff commenced service as a music teacher, for a scholastic year of nine months from the 7th of October, 1867, in a female school of which the defendant was principal. She taught music half of the time, when she was discharged by the defendant, without any cause assigned. After her dismissal, she taught a private class for a short time, and then removed from the State.

1. On the trial, the court excluded the letters which had been written between the parties, because they were not stamped as contracts, under the internal revenue law. These letters show that the contract was not concluded more than a year before the service was to be performed. William Benziger wrote on the 13th of July, 1867, a final acceptance of the defendant's written propositions of June 29th, 1867. The service was to commence on the 7th of October, 1867, and continue nine months. It may, therefore, be sustained on its verbal confirmation, even if it be deemed to have been a written contract. It was a parol contract, of which the defendant's letters were " a note, or memorandum in writing, expressing the consideration, and subscribed by the party to be charged therewith." No one letter contained the entire contract. There was no instrument to be stamped. The statute of frauds does not require the note, or memorandum in writing, to constitute the contract itself. There was not a written contract within the meaning of the internal revenue law, though there was sufficient writing to comply with the statute of frauds, if such support was needed. " Schedule B." requires a stamp of five cents for every sheet, or piece of paper, on which a contract not specified in the schedule shall be written. An insufficient stamping is not a compliance with the law. Either party is permitted to attach the stamps, which must be done at the making of the contract. A series of letters, such as were presented in this case, could not have had the proper stamps affixed by either party, because he was not in possession of all of the letters necessary to the contract. If the stamps were not required to be attached to each sheet or piece of paper, it would be a troublesome question, in many cases, to determine whether there had been a sufficient stamping.

Room for evasion of the law is not made by this construction, because it is not difficult to distinguish when the contract is intended to be in writing, and when the writing is merely used as the means of communication. The court erred in excluding the letters.

2. The defendant's proposition to the father was, to give his daughter $700 for the scholastic year, and her board, or its equivalent. There is no doubt that the plaintiff may sue on this promise, although her father might have done so too. *Mason* v. *Hall*, 30 Ala. 599; *Huckabee* v. *May*, 14 Ala. 263. In respect to her right to do so, as affected by her minority, it is certain that a father may, by an agreement with his minor child, reliuquish to the child the right which he would otherwise have to his services, and may authorize those who employ him to pay him his wages; and he will then have no right to demand those wages, either from the employer, or from the child. And such an agreement may be inferred from circumstances. 1 Parsons on Contracts, 300, and note k. In *Tillotson* v. *McCrillis* (11 Vermont, 477), it is held, that a father may give to his minor son a part, as well as the whole of his time. The law does not make a man's child his slave, or servant, at the instance of his creditors or other persons. His right to the profit of the child's service is in consideration of his duty to provide for the child. There can be no subrogation to the right, when there is no subjection to the duty. The right to emancipate draws to it the right to give the child its labor for a year, a month, or any shorter time, without relief from such necessary protection as the father is able to extend.

3. No error is shown in the admission of the receipts given by the father, for money paid to him on account of what was due to the daughter. She was living with him, under his supervision, and the jury might well have found that he was acting as her authorized agent, or exercising his parental care and authority not at all inconsistent with his relinquishment to her of the profits of her own service.

4. The testimony of Capell was properly excluded, because the expense of the plaintiff's travel from Europe, to accept the position of teacher, is not shown to have been in the contemplation of either party. She was there temporarily with her mother, on account of her education; and it was intended that both of them would return and resume their residence in the United States. The father expected them to return by the 1st of July, 1867.

5. The testimony of Bussy, in reference to the declaration of the father, that his daughter had taught a music class in Camden after her dismissal from the Institute, and had made

more money thereby than she made in the Institute, was only hearsay, though the declaration was made in the presence of the daughter. Itself negatives a breach on her part of the contract in speaking of her *dismissal*. The defendant would have objected to its introduction as proof of a breach on his part. It is permissible to prove, in mitigation of damages, that the plaintiff obtained other employment, and received compensation therefor. *Murrell* v. *Whiting & Sumner*, 32 Ala. 54. But it must be done by direct testimony, or evidence of the admission of the plaintiff himself, and more definitely than in this instance.

- 6. The charge of the court, that the plaintiff could not recover, "if the defendant thought he was contracting with her father for her services for his own benefit," is incorrect. By the same rule, the father could not recover, if he thought he had made the contract for his daughter's benefit; and so a breach by the defendant, of a contract admitted to have been made, would be without remedy, for want of somebody to sue on it. The jury must say what the parties did, and what they intended.

> The judgment is reversed, and the cause remanded.