## Forbes *v.* Loftin.

### *Trespass for Injuries to the Person.*

1. *Change of venue, in civil case.*— On consideration of the evidence in this case, tested by the principles which govern applications for a change of venue, this court finds no error in the action of the court below refusing the application.

2. *Damages.* — In an action by a minor, having no father or guardian, to recover damages for personal injuries inflicted on her, her bill for medical attendance during her illness, caused by such injuries, may be recovered as special damages, though it has not been paid.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

This action was brought by Lethe Loftin, an infant, who sued by her next friend, against John R. Forbes, to recover damages for an assault and battery committed on her person under circumstances of great aggravation. The complaint claimed ten thousand dollars damages for the assault and battery, and one thousand dollars as special damages for medical services, nursing, &c., while suffering from the wounds inflicted on her. The defendant made application for a change of venue, and reserved an exception to the overruling and refusal of his application. He also reserved an exception to the ruling of the court in permitting a physician to testify, that he attended the plaintiff professionally while she was confined by her injuries, and charged her three hundred dollars for his services; and to the charge of the court, that she might recover this as special damages under the complaint, although it had not been paid. The rulings of the court on these matters are now assigned as error.

BUELL & BULLOCK, for appellant.

SANFORD & MOSES, *contra.*

B. F. SAFFOLD, J. — The appellee sued to recover damages for an assault and battery committed on her by the appellant. Judgment was rendered in her favor, for $5,000.

1. The court refused to grant to the defendant a change of venue. The evidence in support of, and against the application, is voluminous. A horrible attempt was made by some-

[Forbes v. Loftin.]

body to kill the plaintiff, by shooting her, cutting her throat, and drowning her. The defendant was arrested on accusation of being the perpetrator, and, after preliminary examination, was admitted to bail. Subsequently, he was indicted for assault with intent to murder the plaintiff. Such an occurrence in the city of Montgomery excited great horror and indignation. Upon the trial of this cause, at which time the application for change of venue was made, many witnesses of high character testified that the excitement had not sufficiently subsided to assure an impartial trial for the defendant. A larger number of like character and credibility, and with equal means of information, testified that it had. It would be vain to attempt to gauge the evidence by the relative number of witnesses. A juror, in a criminal trial, is asked whether he has such a fixed opinion of the guilt or innocence of the accused, as would bias his verdict. The question is very frequently answered by affirmance that he has formed and expressed an opinion unfavorable to the innocence of the accused, from the current rumors afloat concerning the occurrence; but, if the evidence should show a case different from that he had heard, his judgment was not so biased as to disregard its full influence. The answer has uniformly been considered sufficient to remove objection on that ground. I use this illustration, not as a test of prejudice in the community — it would not be correct; but to show that knowledge of the matter, and subsequent excitement and indignation, aroused at the report of outrage committed, do not unfit the vicinage permanently for furnishing a jury for the cause. Were there not some advantage to the defendant in it, the law would not so absolutely assert his right to be sued in the county of his residence. Besides this, none can so well interpret the facts of a controversy, and ascertain the motives connected with it, as those amongst whom the parties and the witnesses live, and the occurrence takes place.

The constitutional provision, that an accused person shall have the right to be tried in the county or district where the offence is alleged to have been committed, was adopted with full knowledge of the above reasons in favor of it, and also of the liability of small districts to be aroused to frenzy at times by exciting causes against individuals. In *Innerarity* v. *Hitchcock* (3 Stew. & Port. 9), this court ordered the return of a cause to the county whence it was removed, on the ground that the county to which it was transferred was shown by the opposite party to be as objectionable for him as the other was for the applicant. In this case, the defendant alleged like objection to four adjoining counties. If the effect of such a change as he desired would have been to oppose against the plaintiff a prejudice similar to that he apprehended against himself, as

[Grubbs v. Vicksburg and Brunswick Railroad Company.]

would have been the case, if the objection he alleged to the other counties was well founded, the court acted with eminent wisdom and propriety in retaining the cause where both parties resided, and were best known. We find no error in this respect.

2. The medical attention rendered to the plaintiff during her illness was a proper charge against somebody, whether performed at her request or not. She, though a minor, has no father or guardian. In a suit against her by the physician, her minority, if a defence at all, would be a personal one, of which she might avail herself or not, as she chose. The defendant can derive no benefit from it. A judgment against him in this suit, for such special damage, would protect him against any other possible suit for the same damage.

The judgment is affirmed.