# Central of Ga. Ry. Co. *v.* McNab.

*Damages for Personal Injury to Passenger.*

(Decided March 2, 1907.   43 So. Rep. 222.)

1. *Appeal; Harmless Error; Rules of Pleading.*—As defendant may protect itself by objections to the evidence and by special charges against improper averments as to damages, it is not reversible error to refuse to strike from the complaint such improper averments.

2. *Damages; Injuries to Minor; Evidence; Admissibility.*—Where the evidence tended to show that the minor plaintiff had been emancipated, evidence of the time lost by him and its value, on account of the injuries received, was admissible.

[Cenrtal of Ga. Ry. Co. v. McNab.]

3. *Same.*—Where the father sues as next friend for a minor son, and judgment was asked in his behalf, it was permissible to show that a physician attended the son for his injuries, that medicine was furnished, and the reasonable sums expended for such attendance and medicines.

4. *Appeal; Review; Harmless Error; Admission of Evidence.*—Where there was evidence tending to show that the value of the labor the injured party was doing at the time of the injury was the same as the labor he was doing at the time of the trial some eight months after the injury, the admission of evidence as to the value of the labor at the time of the trial, although incompetent, was without injury.

5. *Carriers; Actions for Injuries; Negligence; Evidence.*—Where the negligence averred was the failure to allow plaintiff a reasonable time in which to alight from the train after reaching the station, evidence of how long the train stopped or remained there, was competent; as was evidence of another passenger as to what he had time to do at such station immediately after his getting off the train and before regaining the same which was then moving off, upon the issue as to how long the train stopped.

6. *Same.*—In an action for injuries sustained in alighting from a train, where it appeared that plaintiff was a car length from the platform where other witnesses alighted, evidence of the crowded condition of the platform was inadmissible; as was evidence as to how another passenger alighted at the platform, and that the porter helped and lifted her off while the train was moving.

7. *Same.*—Where the action was for injuries received in alighting from a train, on the issue of how long the train stopped, evidence of the details of a conversation held by witness with another passenger who alighted and regained the train, was inadmissible.

8. *Damages; Complaint; Sufficiency.*—An allegation in the complaint that plaintiff's mind had become injuriously affected was the statement of a fact, and sufficient without setting out details of the manner in which it was affected.

9. *Trial; Instructions; Matters Not Within Issues.*—Where there was no evidence that plaintiff expended any money for a physician's services or for medicine, instructions that in assessing damages those items should be considered were erroneously given. .

10. *Same; Invading Province of Jury.*—An instruction asserting that if the jury believed that plaintiff was sixteen years old and in

good health, then his expectancy of life was forty-four years, was invasive of the province of the jury, and erroneous.

11. *Same; Matters Not in Issue.*—In the absence of an allegation that plaintiff's capacity to earn money had been permanently diminished, it was error to charge, that, if by reason of his injuries, plaintiff's capacity to earn money had been permanently diminished, then, in estimating his damages, the jury might consider how much his capacity had been decreased, and allow therefor such sum for his life expectancy as was right and proper.

12. *Carriers; Personal Injuries; Alighting Passengers; Duty to Avoid Perilous Positions.*—When a carrier has offered reasonable opportunity for passengers to alight, and is without knowledge or notice of the perilous position of a passenger attempting to alight, it is entitled to act upon the presumption that passengers will exercise due care to avoid perilous positions.

13. *Same; Action for Injuries; Complaint; Variance.*—The allegations of the complaint are that the plaintiff was thrown from the train when it started to move off from O. station, and that he was thrown off by the moving of the train. The evidence, without conflict, shows that plaintiff fell off the train three hundred yards from the station and while the train was moving about fifteen miles per hour, and plaintiff himself could not say why or how he fell off. Held, there was a fatal variance between the allegation and the proof, entitling defendant to the affirmative charge.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by Jesse McNab, suing by his next friend, Alf McNab, against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The appellee sued appellant for personal injuries received from being thrown from appellant's train. The pleadings may be gathered from what is said of them in the opinion. This is also true as regards most of the material evidence in the case. Motion was made to strike out certain parts of the complaint in regard to expenditure by plaintiff of large · sums of money for medicine and medical attention, and for loss of time, all of which was overruled. During the examination

of Belle Cobb, plaintiff asked the following question:
"State how you got off said train." This was objected
to, but the objection was overruled. She answered that
when she got to the rear platform of the coach for col-
ored passengers, next to the coach which was used for
white passengers, said platform was very much crowd-
ed with passengers who were getting on and off said
cars at said station, and that while she was trying to
get off the porter of the train helped and lifted
her off, and as he was doing so the train was moving
off. The defendant objected to the answer, and the
court overruled the objection. Grant was asked by
the plaintiff the following question: "State what you
said to Mr. Long, and what Dr. Long said to you, after
he got off said train." Defendant objected to this ques-
tion, and, the objection being overruled, witness an-
swered: "I told Mr. Long that a telephone message
had come to him from Batesville from some one who
wanted him to come on down to Batesville on the train
to attend to a sick person. Dr. Long requested me to
send his buggy through the country to Batesville, so
that he could return through the country, and that he
would go on to Batesville on the train. The defendant
objected to this answer. The plaintiff then asked him
the following question: "State how Dr. Long got on
said train." This was overruled, and the witness pro-
ceeded to detail the manner in which Dr. Long got on
the train, which was also objected to. The plaintiff
then asked said witness the following question: "State
the condition of said platform, where Dr. Long got on
said train, as to passengers being on the same." This
was objected to, and the objection overruler, and wit-
ness answered: "The two platforms where Dr. Long
got on, between the white and colored coach, was very
much crowded with passengers; some appearing to try
to get off said train, and some appearing to try and get
on said train." The other evidence sufficiently appears
in the opinion.

In his oral charge the court said: "If the jury believe
from the evidence that Jesse McNab received injuries
on account of the negligence of the defendant, as is al-

leged in the complaint, and that plaintiff is entitled to recover, then, in assessing the damages to be allowed or recovered, the jury can assess such reasonable amount for medical attention rendered to said Jesse McNab as they may think right and proper under the evidence, but not to exceed $100. (2) If the jury believe from the evidence that Jesse McNab received injuries on account of the negligence of the defendant, as is alleged in the complaint, and that plaintiff is entitled to recover in this action, then the jury, in assessing the damages, can allow such reasonable amount as was expended for medicine for said Jesse McNab, and as may be shown from the evidence, but not to exceed the sum of $10. (3) The court charges the jury that, if they believe from the evidence that Jesse McNab was 16 years of age and in good health at the time he received the injury as alleged in the complaint, then the expectancy of life of said Jesse McNab was 44 years. (4) If the jury believe from the evidence that Jesse McNab received injuries on account of the negligence of the defendants, as is alleged in the complaint, and that he is entitled to recover in this case, and that by reason of said injuries the capacity or ability of said Jesse McNab to earn wages has been permanently diminished or decreased, then, in estimating the damages which you may believe from the evidence he is entitled to recover, you may consider how much his capacity or ability to earn wages has been decreased, and allow such sum therefor for the term of his expectancy of life as to you may seem right and proper under the evidence. (5) If the jury believe from the evidence that, when the train left Comer Station, Jesse McNab was in a dangerous position on said train, and that the employees in charge of said train knew, or by the exercise of due diligence could have known, of his dangerous position on the train, and that on account of his being in such dangerous position he received the injuries as are alleged in the complaint, and that said injuries could have been avoided by the exercise of due diligence on the part of the employees in charge of said train, if they knew or by the exercise of due diligence could have known of

the dangerous position of said Jesse McNab on said train, then the plaintiff would be entitled to recover."

The defendant requested a number of written charges, among them the general affirmative charge, which was refused by the court. There was a verdict and judgment for plaintiff for $1,500.

G. L. COMER, for appellant.—Counsel discusses the various assignments of error as to admission and exclusion of evidence but cites no authority in support thereof. The court erred in giving charge 3 for plaintiff.—94 Ala. 199; 97 Ala. 635; 99 Ala. 593; 5 Ency. of P. & P. pp. 719-750; 16 Ib. p. 456. On the same authorities, the court erred in giving charge 4. The court erred in giving charge 5 for plaintiff.—85 Ala. 600; 90 Ala. 60; 91 Ala. 421; 97 Ala. 332; 69 Ala. 106; 110 Ala. 161; 123 Ala. 197; Beach on Contributory Negligence, Sec. 160. Under the evidence in this case the defendant is entitled to the affirmative charge.—*E. T. V. & G. Ry. Co. v. Holmes,* 97 Ala. 332; *Birmingham U. R. Co. v. Smith,* 90 Ala. 60; *Central R. R. & B. Co. v. Lutcher,* 69 Ala. 106; *L. & N. R. R. Co. v. Lee,* 97 Ala. 325; *Nash v. Southern Ry. Co.,* 136 Ala. 177. Charge 2 should have been given for defendant.—*Birmingham U. R. Co. v. Smith, supra; Central R. R. & B Co. v. Lutcher, supra; M. & E. R. R. Co. v. Stewart,* 91 Ala. 421. On the same authorities charge 3 should have been given.— 77 Ala. 591; 53 Miss. 200. Charges 4 and 5 should have been given.—*McDonald v. Montgomery St. Ry. Co.,* 110 Ala. 161. Charge 6 should have been given.—*Rickett v. Birmingham St. Ry. Co.,* 85 Ala. 600; *Woodward Iron Co. v. Jones,* 80 Ala. 123; *Alabama Midland R. R. Co. v. Jhonson,* 123 Ala. 197. On the same authorities charges 7, 8 and 9 should have been given.

W .C. SWANSON, ROBERT J. LOWE, and CLAYTON & CLAYTON, for appellee.—The assignments of error based upon the contention that Jessie McNabb being a minor cannot maintain an action for and recover damages for and on account of doctor's bill, medical bill, loss of time, etc., is without merit. The suit is by the father

22 R

as next friend and is a waiver of any right which he may have and a transfer of the same to Jesse McNabb.— *Forbes v. Lauchland,* 50 Ala. 396. As to the competency of the evidence adimtted and referred to in assignments numbered 9, 10, 15 and 16, we cite the following: *Trammell's Case,* 93 Ala. 350 ; *Bromley's Case,* 95 Ala. 397; *Markee's Case,* 103 Ala. 160; *Hall's Case,* 105 Ala. 599; *Railroad Co. v. Jones,* 107 Ala. 400; s. c. 114 Ala. 519; *Horne's Case,* 48 Ala. 566. The fact of impaired mental ability is sufficiently alleged and such an allegation is necessarily an allegation of a permanent impairment of ability to earn wages.—*Dowdell v. King,* 97 Ala. 635; *Ross v. Malone,* 97 Ala. 529; *Lewis v. Paull,* 42 Ala. 136; *S. & N. R. R. Co. v. McLendon; Seaboard Co. v Woodson,* 98 Ala. 378; *L. & N. R. R. Co. v. Binion.* 107 Ala. 645; *A. G. S. R. R. Co. v. Frazer,* 93 Ala. 45. The American Mortality tables were admissible in evidence.—*Railroad Co. v. Wilmer,* 97 Ala. 155; 97 Ala. 171. The court properly refused defendant the affirmative charge.—*Bromley v. Birmingham Min. Ry. Co.,* 95 Ala. 297. The court properly refused to grant a new trial.—*Martin v. Mitchell.* 28 Ga. 382; *Turner v. St. John,* 3 Cold. (Tenn.) 376.

DENSON, J.—This action was commenced by Jesse McNab, suing by his next friend, Alf McNab, against the Central of Georgia Railway Company, a corporation, to recover damages on account of personal injuries alleged to have been suffered by the plaintiff while a passenger on one of defendant's trains and through the negligence of the defendant. Plaintiff recovered a judgment against the defendant in the circuit court, from which judgment the defendant has appealed. Pending the appeal the next friend died, and the cause has been revived in this court in the name of C. S. McDowell, Jr., as next friend. This is the proper practice in such state of the case.—14 Ency. of Pl. & Pr. 1002 (4.)

In the complaint special damages are claimed for loss of time and for money expended for medicines and physicians' services. If it should be conceded that such damages are not recoverable by a minor, yet there is no

reversible error in the ruling of the court overruling
defendant's motion to strike such claim from the com-
plaint, as the defendant had the right to protect itself
against the recovery of such damages by objections to
evidence and by special charges.—*Vandiver & Co. v.
Waller*, 143 Ala. 411, 39 South. 136. The defendant did
object to the evidence tending to show such damages,
and also requested the court to charge the jury in writ-
ing that such damages were not recoverable by the plain-
tiff. Therefore we must determine the contention of the
defendant on its merits.

It was admitted on the trial that Alf McNab was the
father of the plaintiff. That the father is entitled to
the services of an infant son, and may recover for the
loss of them occasioned by the wrongful or negligent
act of another, as a general proposition, may be con-
ceded. The right of recovery for such loss is founded,
not on the parental relation, but on the technical rela-
tion of master and servant.—*Durden v. Barnett & Har-
ris*, 7 Ala. 169; *Lyon v. Bolling*, 14 Ala. 753, 48 Am.
Dec. 122. But the father may emancipate the minor
son, and thus relinquish all claim to his services or the
earnings of his industry; and emancipation may be
shown, as may any other fact, either directly or by cir-
cumstances from which the jury would be authorized
to infer the fact of emancipation. And the law will
permit an emancipated minor to recover for loss of
time occasioned by a personal injury caused by the neg-
ligence of a defendant.—*Lyon v. Bolling, supra; Forbes
v. Loftin*, 50 Ala. 396; *Benziger v. Miller*, 50 Ala. 206.
It cannot be said that the record affords no evidence
from which the jury was authorized to infer the fact
of emancipation. Therefore evidence of time lost by
the plaintiff and the value thereof was properly ad-
mitted.

In respect to the claim for money expended in em-
ploying a physician and for medicine, the complaint
alleges that the plaintiff had to expend large sums of
money for physicians and medicine. Under these aver-
ments it was competent to show that a physician did
attend upon the plaintiff during his illness, that medi-

cine was furnished by the physician in his ministrations upon the plaintiff, and the reasonable value of the services and medicine. But to authorize recovery under the averments of the complaint it would be necessary that such reasonable sums were expended. In the case of *Forbes v. Loftin, supra,* which was a suit by a minor, suing by next friend, to recover damages arising from a personal injury caused by the defendant, the plaintiff claimed as a part of the damages a physician's bill. The court said, with respect to the right of the plaintiff to recover: "The medical attention rendered to the plaintiff during her illness was a proper charge against somebody, whether performed at her request or not. She, though a minor, has no father or guardian. In a suit against her by the physician, her minority, if a defense at all, would be a personal one, of which she might avail or not, as she chose. The defendant can derive no benefit from it. A judgment against him in this suit for such damage would protect him against any other possible suit for the same damage." The fact that, in the suit in hand, the next friend in whose name the suit was brought and prosecuted to judgment was the plaintiff's father would seem to bring the case within the ruling made in the case quoted from.—*Abeles v. Bransfield,* 19 Kan. 16; *Baker v. Flint & Pere Marquette R. Co.,* 51 N. W. 987, 91 Mich. 298, 16 L. R. A. 154, 30 Am. St. Rep. 471.

The evidence tended to show that the plaintiff at the time he received the injury was at work for himself and was getting for his labor from 50 to 60 cents per day. He received the injury in September, 1904, and the cause was tried on the 23d day of May, 1905. The plaintiff was allowed to prove the value at the time of the trial of the kind of labor he was doing when he was injured. This we think was error, but without injury to the defendant, as the record affirmatively shows that the price of such labor at the time of the trial was the same as when the injury was received.

It is alleged in the complaint that the defendant failed to allow plaintiff a reasonable time in which to alight from the train after reaching the station to which

plaintiff had purchased his ticket. It was necessary and competent for plaintiff to prove the length of time the train stopped at the station. Dr. Long, a passenger on the train, and bound for the same station the plaintiff was, testified that he had a basket of grapes in his hand when the train reached the station, that he went out on the platform of the car and got off, that his wife met him at the train and was standing on the ground at the steps of the car. He was asked: "How long did the train stop at Comer Station?" He answered: "The train stopped a very short time, I do not know how long it stopped; but it only stopped long enough for my wife to tell me that some one wanted to see me at Batesville, and for her to give me my medicine chest, and me to give her the basket of grapes and to tell her to send my buggy through the country to me, and by that time the train was moving off." The witness couud not state the exact time, and we think the answer given was relevant and competent as tending to illustrate or give to the jury some idea of the time the train stopped. The witness was subjected to cross-examination by the defendant with respect to the attendant circumstances stated by him. The court guard-ed the answer by telling the jury it could only be looked to as tending to show how long the train stopped. The fact that the train was moving when the witness Long got on at Comer, in connection with his other testimony, was competent as tending to illustrate or show the length of time the train stopped.

The evidence showed that the plaintiff was on the car set apart for colored people, and a car length from the platform which Long dismounted from and returned to the car. So the condition of the platform where Long was was not competent or relevant evidence, and should have been excluded. For the same reason the evidence of Belle Cobb, objected to by the defendant, should have been excluded. Grant's evidence, objected to by the defendant, should have been excluded. It is not in the same category with the evidence of Dr. Long with respect to the time the train stopped. Long had testified that he could not tell how long the train

stopped, and referred to the circumstances that took place immediately upon his getting off the train. He did not attempt to detail any conversation between himself and his wife, but simply stated the circumstances.

The demurrer to the complaint was properly overruled. The averment that the plaintiff's mind had become injuriously affected is a statement of fact. It was not necessary to good pleading in this respect for the pleader to set out in detail the manner in which the mind of the plaintiff was affected, or to give the symptoms which characterized the affliction.

There is no evidence in the record which tends to show that plaintiff expended any money for medicine or for a physician's services. Therefore the proof did not meet the averments of the complaint in respect to these items of damages, and the parts of the oral charge of the court designated as "(1)" and "(2)" should not have been given. That portion of the general charge of the court excepted to and marked "(3)" is an invasion of the province of the jury and constitutes reversible error.—*Ala. Min. R. R. Co. v. Jones,* 114 Ala. 519, on page 533, 21 South. 507, 62 Am. St. Rep. 121; *Decatur Car Wheel Co. v. Mehaffey,* 128 Ala. 242, 29 South. 646.

The complaint contains no allegations to the effect that the plaintiff's capacity to earn wages has been permanently diminished, and therefore the fourth paragraph of the oral charge of the court should not have been given.

The fifth paragraph of the oral charge is erroneous in hypothesizing that, if the employees could have by due diligence known of plaintiff's perilous position, etc. The law charges a carrier with actionable negligence when, with knowledge of a passenger's perilous position, it fails to take proper steps to avert injury, or does an act, with such knowledge or reason to know, which causes injury to the passenger. But without such knowledge the carrier may act upon the presumption that the passenger will exercise due care to avoid perilous positions.—*Birmingham Union Ry. Co. v. Smith,* 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; *Montgom-*

*ery & Eufaula Ry. Co. v. Stewart*, 91 Ala. 421, 8 South. 708.

The complaint avers in the first count that "as soon as said train stopped at Comer said plaintiff started to leave the train upon which he was a passenger as aforesaid and upon which he rightfully was, and had gotten as far as the platform of the car upon which he was when said train stopped, which was part of said train, when defendant negligently and wrongfully, and in violation of the duty that defendant owned plaintiff, to allow him a reasonable length of time to alight from said train, started the train to moving off, by which wrongful and negligent conduct plaintiff was thrown from said platform to the ground upon his head, in consequence of which plaintiff was made unconscious," etc. That all intendments must be taken against the pleader is a well recognized rule of pleading. Applying this rule to the foregoing averments, the only reasonable construction of the complaint is that the plaintiff was thrown from the train when it started to moving off at Comer, and that he was thrown by the "moving off" of the train. The undisputed evidence as to the place where he fell from the train shows that he was 300 yards from Comer, and after the train had attained a speed of at least 15 miles per hour. Further, the plaintiff gives the only account of where and how he fell from or left the train, and we note this as his only explanation, viz.: "And before I was able to get off said train it started from said station, and in some way after said train had got some distance from said station—do not know how far—I in some way fell off said train. I do not know how I got off. I do not know whether I fell off, or was pushed off, or was knocked off, or how it was I fell off, said train." It seems clear to us that a fatal variance is shown between the averments of the complaint and the evidence as to the time, place, and cause of the injury. A like criticism is applicable to the second count and the evidence. In this state of the case the defendant was entitled to the general affirmative charge, as requested by it in charges

numbered 1 in its series, and the court erred in not giving it.

In this view of the case, there is no necessity for considering other charges refused to the defendant, nor the motion for a new trial. For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Haralson and Simpson, JJ., concur.