# Williamson *v.* Green.

## *Assumpsit.*

(Decided May 9, 1912.  58 South. 974.)

*Trial; Withdrawing Issues Not Supported by Evidence.*—In an action by a physician for services rendered to a third person, the defendant set up the statute of frauds as to answering for the default or miscarriage of another.  The plaintiff's evidence tended to show that the employment was by the defendant for services to be rendered to the injured person; the defendant's evidence tended to show that he did not agree to be bound for such services either on his own behalf or for the person injured.  Under such circumstances, it was error to decline to withdraw from the jury a consideration of the plea setting up the statute of frauds.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by E. O. Williamson against M. J. Greene. Judgment for defendant and plaintiff appeals.  Reversed and remanded.

DAVID A. GRAYSON, for appellant.  As developed by the evidence, the statute of frauds had nothing to do with the case, and the court erred in refusing to withdraw that issue from the consideration of the jury.  Counsel discusses other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

R. E. SMITH, for appellee.  This appeal is from a motion denying a new trial.  The rule is that such action will not be disturbed unless the evidence plainly and palpably fails to support the verdict.—*B. R. L. & P. Co. v. Lindsey,* 140 Ala. 316; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 286.

WALKER, P. J.—This was an action for an amount claimed by the plaintiff (the appellant here) as due by account for professional services rendered by him as a physician or surgeon to one Clifford Acklin at the request of the defendant. The defendant pleaded the general issue and also a plea of the statute of frauds, setting up that the contract sued on was not in writing and was void; the same being for the debt of one Dan Acklin or Clifford Acklin. The evidence offered by the plaintiff tended to show that the defendant, after he had seriously injured Clifford Acklin by striking him on the head with an axe, by a message or direction given by him to one Esslinger, authorized the plaintiff to be called to assist in the treatment of the injured man, and that the plaintiff rendered the service as claimed under his employment for the defendant pursuant to such message or direction. The testimony of Esslinger as to the defendant authorizing or directing the employment of the plaintiff was flatly contradicted by the testimony offered in behalf of the defendant. According to the version given by the defendant and other witnesses in his behalf of what occurred between him and Esslinger, he did no more than indicate to Esslinger a willingness to stand for Dan Acklin, the father of the injured man, for a doctor's bill not to exceed $10, not however then or subsequently agreeing to do this, but merely directly Esslinger to tell the physician who was then attending upon the injured man to come to his (defendant's) house, and that he would then determine if he would stand for the bill of another doctor.

As we see the evidence, that for the plaintiff showed an employment of him by the defendant to render professional services to the injured man, while the opposing evidence was to the effect that the defendant did not in any way agree to be bound for those services, either in

[Williamson v. Greene.]

his own behalf or for another, for whose obligation he was to stand or be liable. In this condition of the evidence, no phase of it showed the making of a contract by the defendant the validity of which was dependent upon a compliance with the requirements of the statute of frauds. In other words, there was no evidence tending to support a plea of the statute of frauds. The defendant having tendered an isue under that statute, but no such issue being involved in the evidence adduced in the trial, the plaintiff was entitled, on appropriate request to this end, to have withdrawn from the consideration of the jury an issue raised by the pleadings but not by the evidence in the case. His request of the written charge, to the effect that the statute of frauds had nothing to do with the case as developed in the evidence, was a proper request for an instruction to the jury as to the issues in the case to which their consideration should be confined, and it should have been given. The refusal of the court to give that charge was one of the grounds assigned in the plaintiff's motion for a new trial. That motion should have been granted because of the ruling, prejudicial to the plaintiff, pointed out in the ground for the motion just mentioned. This conclusion renders it unnecessary to determine whether either of the other grounds assigned in the motion for a new trial was well taken.

Reversed and remanded.