# Anniston Electric & Gas Co. *v.* Anderson.

## *Setting Down Passenger.*

(Decided November 10, 1914. 66 South. 924.)

1. *Trial; Jury Question; Failure of Evidence.*—The fact that an issue is raised by the pleading in the cause does not justify its submission to the jury where there is no evidence adduced at the trial to support such issue.

2. *Carriers; Passengers; Setting Down; Evidence.*—Where the action was for injury to a passenger by carrying him beyond his destination, evidence examined and held not to raise the pleaded issue of failure to notify him of his stopping place in such a sense as to authorize its submission to the jury.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by M. N. Anderson against the Anniston Electric & Gas Company, for damages to him as a passenger by carrying him beyond his destination. Judgment for plaintiff and defendant appeals. Reversed and rendered.

See also *Anderson v. Anniston E. & G. Co., infra,* 66 South 925.

The facts sufficiently appear from the opinion. Charging the jury orally, the court said:

If the car did stop at Cooper's Crossing, and if the conductor had been informed that plaintiff wanted to get off at Cooper's Crossing, and if he saw that plaintiff was not getting off at Cooper's Crossing, and if he knew that plaintiff wanted to get off there, then it was his duty to notify him that he had reached his station, and if that situation occurred, and he failed to notify him, then he was remiss in his duty.

The following written charges were refused to defendant:

[Anniston Electric & Gas. Co. v. Anderson.]

(10) The court charges the jury that, unless they be-
lieve from the evidence that the car did not stop at
Cooper's Crossing a sufficient length of time to permit
plaintiff to alight, then your verdict must be for the de-
fendant.    (12) If you believe from the evidence that
the car stopped at Cooper's Crossing long enough to
permit plaintiff to alight, then your verdict must be for
defendant.

KNOX, ACKER, DIXON & STERNE, for appellant.  The
court erred in holding it to be the duty of a street rail-
way conductor to announce stations.—32 N. E. 1; 63
L. R. A.; 118 Ga. 227; Hutchinson on Carriers, sec.
1121.  The court erred in instructing the jury that they
could find for the plaintiff upon the theory that defend-
ant's conductor saw plaintiff on the car after it stop-
ped, and failed to notify him.—95 U. S. 697; 63 L. R. A.
68.  The court erred in charging the jury that a conduct-
or must exercise the highest degree of care in order to
carry passengers to the right station.—Hutchinson on
Carriers, sec. 941; N. C. & St. L. Ry. v. Crosby, 62 South.
889.

CHARLES F. DOUGLASS, for appellee.  No brief reach-
ed the Reporter.

PER CURIAM.—This was an action by the appellee
to recover damages for personal injuries claimed to have
been sustained in consequence of the alleged failure
of the conductor of the appellant's street car to put ap-
pellee off at Cooper's Crossing, a regular stopping place,
at which he had notified the conductor that he wanted
to get off.  In three of the counts of the complaint such
failure was charged to have been negligent, and the
other count charged that it was willful or wanton.  Two

of the counts contained averments as to the failure of the conductor to call out said stopping place or otherwise notify plaintiff of having reached it.

The only evidence introduced in behalf of the plaintiff was his own testimony. He testified that at the time of the incident complained of he had been living for more than a month in a house on Constantine avenue, in going to which from his place of business he rode on the defendant's street car to Cooper's Crossing, got off there, and walked to Constantine avenue, which was some distance from the car track; that he was familiar with Cooper's Crossing, and knew all the ground around there; that on the occasion in question he boarded the defendant's car to go to his home, and said to the conductor when he paid his fare, "Cooper's Crossing please"; that when the car approached that place he was sitting at the window, looking out for the crossing, saw it when the car reached and passed it without stopping, and when this occurred he got up and told the conductor that he wanted to get off there, but the car proceeded to the next regular stopping place, Constantine Station, where he was let off; that he was unfamiliar with the path leading from that station to Constantine avenue, and was hurt by falling into a trestle in an attempt to walk in the dark along the street car track back to Cooper's Crossing. He stated that the conductor did not call out Cooper's Crossing that evening. This statement was not controverted; but three witnesses for the defendant testified that the car stopped at that place on that trip, and that a passenger, who was one of these witnesses, board the car when it stopped there. The plaintiff's testimony did not indicate the existence of a claim on his part that his failure to be let off at his destination was at all due to a failure of the conductor to announce that place. It

showed that he was familiar with the locality, was on the lookout for the crossing as the car approached it, and knew when it was reached and when the car passed it without stopping. It cannot be inferred from his testimony that his expression, "Cooper's Crossing, please," was intended by him or was understood by the conductor as a request to be notified when the car approached or reached the place mentioned, or that it imported anything but a request that the car be stopped there to enable a passenger to get off. Even if there was support for an inference that an announcement of the stopping place by the conductor was to be expected, it is apparent that the tendency of the plaintiff's testimony was to prove that it was solely the failure to stop the car at his known destination which deprived him of the opportunity of getting off there, with the result that, in his attempt to get back to that place from the station beyond it at which he was let off, he sustained the injury complained of. This testimony negatived the conclusion that a failure to give notice of the car's approach to or arrival at his destination was, in whole or in part, the cause of his being carried beyond it. According to his own version of the occurrence, his failure to get off at Cooper's Crossing was due wholly to the fact that the car did not stop there, and not at all to his not knowing when it got there, or to his not being ready to get off there if the opportunity to do so had been afforded. None of the evidence adduced furnished a support for an inference or conclusion that the result of which the plaintiff complained was attributable, in whole or in part, to a failure to give him notice of a fact of which his own testimony shows that he was fully aware.

The evidence raised the issue as to whether there was a failure to stop the car at the plaintiff's destination, with the result that he was not enabled to get off there.

It raised no issue as to that result being wholly or partially due to the plaintiff's lack of notice or knowledge of the car's approach to or arrival at that place. Assuming that the conductor's failure to announce the station was a breach of duty owing by him to a passenger, yet that breach of duty is not an element of the cause of action which there was evidence tending to prove accrued to the plaintiff, as whatever harm was suffered by him was due to something other than a lack of notice of a fact of which he was as fully aware as he would have been if another had mentioned or stated it to him. A default of the defendant which did not at all contribute to the result of which the plaintiff complains is not a proper matter for consideration on the inquiry as to the latter's right to recover. Though such default was averred in the complaint, it was eliminated as a feature of the plaintiff's claim when the undisputed evidence adduced in the trial showed that it did not at all contribute to the result complained of. The fact that an issue is raised by the pleadings in the case does not justify the court in submitting it to the jury when it is not raised by the evidence adduced in the trial.—*Central of Georgia Railway Co. v. McNab,* 150 Ala. 332, 43 South. 222; *Williamson v. Green,* 4 Ala. App. 645, 58 South. 974; 38 Cyc. 1617. Though two of the counts of the complaint may be understood as assigning the conductor's failure to announce the station as a cause of the plaintiff's alleged deprivation of the opportunity of getting off there, and though there was evidence of such failure on the part of the conductor, yet there was no warrant for the giving of instructions under which the jury were at liberty to consider that omission of the conductor as a cause contributing to the result complained of, as no phase of the evidence tended to prove that the failure of another to an-

[Anniston Electric & Gas. Co. v. Anderson.]

nounce the station had anything to do with the plaintiff's being carried beyond it. The court made rulings which were not in conformity with the views above expressed. The jury might well have inferred from the part of the oral charge to which an exception was reserved that they could render a verdict for the plaintiff if they found from the evidence that the conductor did not notify him when the car reached Cooper's Crossing, though they found from the evidence that it stopped there long enough to enable him to get off. The defendant was entitled to require the court to give in charge to the jury the proposition stated in its written charges 10 and 12, as no phase of the evidence tended to prove that the carrying of the plaintiff beyond the place at which he wished to be let off, or the injury claimed to have been a consequence thereof, was attributable to any default for which the defendant was responsible other than a failure to stop the car there long enough to afford a passenger a reasonable opportunity to get off. The defendant was entitled to have the issues of fact which were submitted to the jury confined to those which were raised by the evidence. By the rulings above mentioned, it was improperly deprived of its rights in this regard.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by Presiding Judge WALKER before his retirement from the Court of Appeals, and has been adopted by the court.