Defendant, Lagatha Cabaniss, appeals from a judgment of $15,000 for plaintiff, Warren Cook, an unemancipated minor suing, by and through his father as next friend, for damages arising out of an automobile accident. We affirm.
At a pre-trial conference, plaintiff was allowed to amend his complaint to include a claim for medical expenses and loss of earnings. The amendment occurred more than one year after the date of the accident. Neither plaintiff's mother nor his father has filed suit to recover medical expenses or loss of earnings incurred as a result of their son's injuries. As to their claims, the statute of limitations has, of course, run.
At trial, evidence of medical expenses, an ambulance bill and lost wages were offered by the plaintiff and admitted in evidence, and the jury returned a verdict of $15,000 for plaintiff. Defendant's motions for judgment notwithstanding the verdict or, alternatively, new trial were overruled.
On this appeal, defendant contends: that an unemancipated minor, suing by and through his father as next friend, may not recover medical expenses and lost wages incurred as a result of his injuries because these expenses may only be recovered by the parent in a separate suit citing Tit. 7, § 118, Code of Alabama (now § 6-5-390, Code of 1975[1]) and cases decided thereunder; that the claim for medical expenses and lost wages is barred by the statute of limitations; and, that the trial court erred in its refusal to give certain requested charges to the jury.
We are faced, on this appeal, with a case of first impression in Alabama. It is the general rule in Alabama that a father, in an action to recover for injuries to a minor child, may recover for loss of the *Page 786 
child's services and for medical expenses incurred in treating such injuries. Smith v. Richardson, 277 Ala. 389, 171 So.2d 96
(1965); Franklin v. Georgia Casualty Co., 225 Ala. 58,141 So. 702 (1932).
Alabama recognizes, however, that the minor child himself may recover these damages in certain circumstances. Thus, it has been held that where the minor is emancipated, he may recover for lost wages. Chandler v. Waugh, 290 Ala. 70, 274 So.2d 46
(1973); Central of Georgia R. Co. v. McNab, 150 Ala. 332,43 So. 222 (1907). Likewise, a minor, suing by his or her next friend, may recover medical expenses. Chandler v. Waugh, supra;Central of Georgia R. Co. v. McNab, supra; Forbes v. Loftin,50 Ala. 396 (1874). A judgment against the defendant for such medical expenses would protect him against any other possible suit for the same damages. Chandler v. Waugh, supra; Central ofGeorgia R. Co. v. McNab, supra; Forbes v. Loftin, supra.
In this case, however, the minor is unemancipated and, therefore, does not fall within the lost wages exception of our present case law. It is questionable whether he falls within the medical expenses exception as well. We do not think this disposes of the question, however. Even where the child is unemancipated, many states have held that the parent has "waived" or is "estopped" to assert his right to recover medical expenses and loss of services when he, the parent, as next friend, brings an action on behalf of the child for the entire injury or permits the case to proceed on the theory of the child's right to recover for lost wages and medical expenses. See, e.g., Lane v. Webb, 220 So.2d 281 (Miss. 1969);Smith v. Geoghegan and Mathis, 333 S.W.2d 254 (Ky.App. 1960);Garrison v. Ryno, 328 S.W.2d 557 (Mo. 1959). See also 67 C.J.S. Parent and Child § 43, pp. 747-48.
In Lane v. Webb, supra, the Mississippi Supreme Court was faced with the identical issue here presented, viz:
 ". . . Medical and hospital expenses of a minor are obligations and debts of the father. Where the father has incurred or paid them, he has the right to bring a separate suit for them. Nevertheless, where the father, as here, brings a suit as next friend of his minor child, he waives in the child's favor his right to recover the expenses of medical and hospital treatment, and is thereafter estopped to claim them in a separate suit."
The basis for the court's decision is then given.
 "`But, it is said that, when the plaintiff in a case of this kind is a minor, medical, surgical, hospital and nursing expenses incurred in curing or relieving his injuries are recoverable, if at all, by his parent or guardian, and not by him in a suit of this kind, unless it be shown that he alone is responsible therefor by reason of his emancipation or the incompetency or death of his parents. The record shows, however, in the case that we have here, that the appellee sued herein by his father as next friend; and whatever merit the above mentioned argument might have had, if the father had not appeared as next friend, and we express no opinion on that point, the father, by bringing the suit as next friend, waived in the appellee's favor the right to recover the expenses of medical and hospital treatment. Anderson v. Jenkins, 220 Miss. at 145, 154, 70 So.2d 535 at 539.'
 "This rule permits these issues to be decided in one suit rather than two. It permits a judicial determination of all damages from the accident in one proceeding. Moreover, it enables the jury to consider all of the circumstances and damages resulting from the accident in the suit by the minor through his father as next friend. Medical and hospital expenses as damages were submitted to the jury on the first trial of the instant case, and under the above-stated rule may be submitted in the new trial on the damages issue. . . ."
To like effect are the cited cases from other jurisdictions and 67 C.J.S., supra, which states: *Page 787 
"§ 43. — Waiver and Estoppel
 "A parent may waive or be estopped to assert his right to recover for injury to his child and permit the child to recover the full amount to which both would be entitled, as where he brings an action on behalf of the child for the entire injury or permits the case to proceed on the theory of the child's right to recover for loss of services and earning capacity during minority."
We think these cases express a sound rule. It is, therefore, that we hold that where, as here, the father, acting as next friend of the minor, brings suit for his minor child, he "waives," in the child's favor, his right to recover the expenses of medical treatment and the loss of services, and he is thereafter "estopped" to claim them in a separate suit. SeeLane v. Webb, supra; Garrison v. Ryno, supra.
Defendant contends, however, that since the claims for medical expenses and lost wages were made at the pre-trial conference, more than one year after the date of the accident, they are barred by the statute of limitations. We cannot agree. Rule 15 (c), A.R.C.P., expressly provides that such an amendment which "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . relates back to the date of the original pleading . . ." Therefore, because the original complaint was timely filed, and the amended pleading relates back to it, it is not barred by the statute of limitations.
Defendant lastly argues that it was error to refuse certain requested jury charges and cites Doullut Williams v. Hoffman,204 Ala. 33, 86 So. 73 (1920), in support of her contention. The defendant's requested jury charges are as follows:
 "The Court charges the jury that you cannot return a verdict for the plaintiff for any sum which includes charges for hospital services."
 "The Court charges the jury that in the event you find the issues in favor of the plaintiff you cannot return a verdict which includes any amount for doctors' bills, hospital bills or other medical expenses."
 "The Court charges the jury that you cannot return a verdict for the plaintiff for doctors' bills for services."
Although Hoffman does hold that it was reversible error to refuse similar charges, we think that case is distinguishable from the case at bar for the very obvious reason that no contentions as to "waiver" or "estoppel" were made in that case, as have been made here, and therefore, this Court is faced with an issue of first impression in this state which we have decided adverse to the defendant. Defendant, under our holding, was not entitled to have these charges given. They were correctly refused by the trial court.
Nothing we have said or held herein should be construed to mean that a parent cannot still maintain a separate action. In no event, however, can there be double recovery.
For the foregoing reasons, this cause is due to be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] This Code became effective October 31, 1977.