This is an appeal from a judgment dismissing the complaint of the plaintiff, a minor, Tyrone Broughton, who sued by his next friend, his mother. The judgment was entered on a jury verdict in favor of the defendants, James Ed Kilpatrick and Grover Knotts. The dispositive issue is whether prejudicial error occurred when plaintiff was not permitted to introduce evidence of his medical expenses incurred because of the treatment for injuries received in a collision with a truck driven by defendant Kilpatrick and owned by defendant Knotts.
The minor, Broughton's, action was for negligence on the part of Kilpatrick and Knotts in causing a collision between the motorcycle operated by Broughton and a truck owned by Knotts and being operated by Kilpatrick. Broughton, the minor plaintiff, sought damages, including medical expenses.
During the course of the trial the minor plaintiff attempted to introduce evidence concerning medical expenses incurred by him as a result of injuries received in the collision. The trial court would not admit the evidence. The trial resulted in a verdict and judgment for defendants. In his motion for trial, plaintiff urged as error the exclusion of this evidence. The motion was denied and this appeal ensued.
We reverse.
Broughton cites Cabaniss v. Cook, 353 So.2d 784 (Ala. 1977), in support of his argument that evidence of his medical expenses was erroneously excluded by the trial court. In this he is correct, however, it should be noted that Cabaniss was a case of first impression in Alabama and was decided by this court on the very day that the appeal was perfected in this case (22 December 1977). In Cabaniss the action was by the minor's father, as next friend, and we held that where the father, acting as next friend of the minor, brings suit for his minor child, claiming, inter alia, medical expenses for the minor, he waives, in the child's favor, his (the father's) right to recover the expenses of medical treatment and loss of services and is thereafter estopped to claim them in a separate suit. The separate suit mentioned is that authorized by §6-5-390, Code 1975.
"A father or, in case of his death or desertion of his family, his imprisonment for a term of two years or more under a conviction for crime, or his confinement in an insane hospital or if he has been declared of unsound mind, the mother may commence an action for an injury to a minor child, a member of the family." (emphasis added)
In this case, the evidence discloses the father was deceased. The rationale of Cabaniss applies; thus we hold that exclusion of evidence of medical expenses was error.
Appellees contend that reversal cannot be based upon action of the trial court excluding evidence of the hospital expense, *Page 867 
even if error, since the jury verdict was against plaintiff's right to recover at all, and error in the rejection or admission of evidence going merely to the extent of injury and damages will not work a reversal where, as here, there was a general verdict absolving defendants from liability.
This is correct statement of the general rule if it be assumed the evidence is merely of the severity of injury orextent of damage. The general rule or principle is stated inReed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237
(1927):
 "* * * Error in the rejection of evidence going merely to the extent of injury and damages, where the record clearly shows a finding for the defendant because not liable for the injury, will not work a reversal. * * *" (emphasis added)
See also, Appeal Error, § 1052 (5), Ala. Dig. Vol. 2A.
This has been the rule of our cases for many years. Thus, we cannot say that rejection of such evidence is reversible error, for the reason there was a general verdict in favor of defendants. Since we reverse this cause on other grounds, we hold such evidence should be admitted on retrial.
Broughton correctly urges another basis for reversal. The following occurred during direct examination of defendant Kilpatrick:
"BY MR. CALHOUN:
 "Q You recall, Mr. Kilpatrick, that you are still under oath. You were questioned earlier about an accident that happened while you were driving a truck. Would you please tell the Jury where this accident happened and the facts surrounding the accident as to how it happened?
 "A I was coming back from Cedar Springs up 51, come up to where 16 runs into 51. It is about, ten, maybe twenty feet from the intersection, this motorcycle just came shooting out of the road. I would say about twenty-five or thirty miles an hour. I swerved over to the left, pulled the air horn down and they just looking like that and run right over into the left hand lane. Wasn't no way to miss them. If they had stayed on the right___
 "MR. SMITH: We are going to object to him interjecting no way to miss them. That is a conclusion on his part, Your Honor. It is invading the province of the Jury.
 "THE COURT: I am going to overrule you there. I overrule you. Go ahead.
* * * * * *
 "Q If the motorcycle stayed in the right hand lane going in the direction you were going, would you have missed the motorcycle by steering over to the left?
"MR. SMITH: We object. We object.
"THE COURT: I overrule you.
 "MR. SMITH: Your Honor, that certainly calls for a conclusion on his part and that is a very material part of the issues. And he is able to give his judgment as to whether or not he would have missed them.
"THE COURT: Well, I overrule you.
"MR. SMITH: We reserve an exception on that."
Broughton says the trial court erred to reversal in allowing Kilpatrick to give his conclusion as to material issues which were for determination by the jury.
Kilpatrick and Knotts say there was no error in permitting Kilpatrick to state the conclusion as set out because the conclusions were properly admitted as a well established exception to the opinion evidence rule: the collective facts rule. The latter rule permits statement of the ultimate fact where it is practically impossible to reproduce or adequately describe primary facts on which inference is based. But where the opinion or conclusion invades the province of the jury, as here, it is error to permit the question to be asked and the answer given. Holman v. Brady, 241 Ala. 487, 3 So.2d 30 (1941). In Holman, objection was made to the following questions to which the following answers were given: *Page 868 
 "* * * `Q. In your judgment, what distance west of that entrance would you have been completely clear of the truck, if he had not veered over on you?'
 "The answer was: `A. Before we passed the entrance to that place, I would have been completely by him.'
* * * * * *
 "* * * `Would you say you would have passed him as far as fifty feet from the intersection if he had not cut over on you?' The witness answered, `Yes, sir.' * * *"
The court held:
 "* * * In permitting the foregoing questions and answers, reversible error intervened, such being material conclusions from detailed facts, which the jury itself should have been allowed to draw from the evidence."
We perceive no less reason in this case to hold admission of Kilpatrick's conclusions to be reversible error than did the court in Holman finding error in admission of the answers above.
Broughton further contends the jury verdict was contrary to the great weight of the evidence. Such must be raised as a ground for the motion for new trial before it can be considered by this court. Woods v. Westbrook, 356 So.2d 153 (Ala. 1978). He failed to raise the issue in his motion for a new trial. Although he did so in a second motion, it was not timely filed and will not be considered by this court. Williams v. Dan RiverMills, Inc., 286 Ala. 703, 246 So.2d 431 (1971).
For the reasons given we are compelled to reverse and remand this case.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.