### BALTIMORE AND OHIO RAILROAD COMPANY *v.* APPLEGATE.

[No. 12,094.    Filed November 24, 1925.    Rehearing denied February 17, 1926.]

1.    ASSAULT AND BATTERY.—*Evidence held sufficient to sustain verdict for plaintiff in action for assault and battery, although disputed that there was any assault.*—In an action for assault and battery on a passenger by a carrier's employees, evidence *held* sufficient to sustain a verdict for the plaintiff, although

Baltimore, etc., R. Co. *v.* Applegate—84 Ind. App. 192.

the larger number of witnesses testified that plaintiff was not assaulted.  p. 196.

2.  ASSAULT AND BATTERY.—*Evidence of conduct of other passengers on prior occasions was properly excluded in action by, passenger for damages by, reason of an assault and battery, by, railroad employees.*—In an action against a railroad company for assault and battery on a passenger by its employees, where the defense was made that the plaintiff and his companions had been gambling on the train and that the alleged assault consisted of their arrest and removal from the train, evidence that gambling on that and other trains had been so prevalent that the conductor could not control it and had been obliged to call for extra police officers was properly excluded where there was no claim that plaintiff or any of his companions had been on the train prior to that time.  p. 196.

3.  DAMAGES.—*When judgment reversed for excessive damages.* —When it appears to an appellate tribunal that the damages assessed are so excessive and unjust that the jury must have been influenced by prejudice, passion or partiality, or proceeded on a wrong principle, a new trial will be ordered.  p. 197.

4.  ASSAULT AND BATTERY.—*One thousand dollars held excessive damages for assault and battery and false imprisonment in a specific case.*—In an action against a railroad company for assault and battery and false imprisonment, damages of $1,000 *held* excessive, the assault and battery consisting of placing the plaintiff under arrest and removing him from a train on a charge of gambling thereon, on which charge he was detained in a police station for a few hours.  p. 197.

5.  APPEAL.—*Appellate tribunal will not weigh the evidence to determine whether there should be a recovery, but it will consider all the evidence to determine whether there should be a remittitur.*—An appellate tribunal will not weigh the evidence to determine whether there should be a recovery, but, in determining whether the damages awarded were excessive and require a *remittitur,* all the evidence bearing on that question will be considered.  p. 198.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Taylor Applegate against the Baltimore and Ohio Railroad Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed conditionally.* By the court in banc.

VOL. 84—13

*C. L. & H. E. Jewett, George H. D. Gibson* and *Walter V. Bulleit,* for appellant.

*George C. Kopp* and *Stotsenburg, Weathers & Minton,* for appellee.

MCMAHAN, J.—Action by appellee to recover damages for assault and battery and false imprisonment. The complaint is in two paragraphs, the first being an ordinary complaint alleging assault and battery by one of appellant's servants while appellee was a passenger on appellant's train. The second after alleging that appellant without a warrant or legal authority unlawfully and maliciously arrested and placed appellee in jail for several hours, and that in making such arrest did forcibly and against his will eject him from the train to his damages.

Appellant filed an answer in two paragraphs, the first being a general denial. The second admitted appellee was a passenger but alleged that after he was received as a passenger he forfeited his right to be carried as a passenger by gambling in the car in which he was riding in violation of law and of the rules of appellant forbidding gambling on the train, and because of such gambling appellee was in a reasonable and proper manner arrested and removed from the train. A trial resulted in a verdict and judgment in favor of appellee for $1,000. Appellant's motion for a new trial, the specifications of which were that the verdict is not sustained by sufficient evidence, is contrary to law, excessive damages, the giving and refusing to give certain instructions, and error in the admission of evidence, being overruled, this appeal.

The evidence, without conflict, shows that George Nachand of Jeffersonville, organized a party consisting of himself and five others, including appellee, to go to Toledo, Ohio, from New Albany, Indiana, and drive from Toledo automobiles which Nachand was purchas-

ing.   Nachand was to pay each of the five including appellee five dollars a day and their expenses which he did.   Before the train on which said party took passage reached New Albany, Nachand bought six tickets to Toledo, one for himself, and one for each of the other five.   After they got on the train Nachand temporarily surrendered all the tickets to the conductor, said tickets to be returned at Cincinnati for further transportation. After getting on the train Nachand purchased six Pullman tickets to Toledo retaining all the tickets himself. Later they obtained a table and proceeded to play cards. Shortly before the train reached Aurora three of appellant's special officers entered the car in which Nachand and his five employees were riding.   Appellee and one of the other men named Mayfield were not at that time playing cards, but were seated across the aisle from the other four men who were then playing cards.   The special officers claiming the four men were gambling arrested them, and when the train stopped at Aurora the six men including appellee and Mayfield left the car. This was about eight or nine o'clock at night.   They went to the police station and soon thereafter affidavits were filed before a justice of peace against the four men who were playing cards at the time of the arrest, charging them with gambling.   They were tried and convicted.   The six men went from Aurora that night on the interurban car to Cincinnati and from there to Toledo the next morning.

Whether any of the men were gambling and whether appellee and Mayfield were arrested or voluntarily left the train and went with the other four men are disputed questions.   Appellee testified that when the four men were arrested, he also was searched and compelled by the officers to leave the train and go with them in company with the other men.   That he was detained and kept in the police station until after the trial of the

other four men when he and Mayfield were permitted to leave, no charges in the meantime having been filed against him. His testimony was corroborated by the testimony of other witnesses. This testimony was contradicted by the officers who arrested the four men. They testified that appellee was not arrested, assaulted, or compelled to leave the train. That his leaving the train and going to the police station with the other men were voluntary on his part.

In that part of appellant's brief devoted to points and authorities, and under the statement that, "The Clark Circuit Court erred in overruling appellant's motion for a new trial" appellant devotes six pages to an argument in justification of the arrest of the four men who were found guilty of gambling, and, in this connection, asserts that appellee was not in any way disturbed or arrested. That he went along with Nachand because the latter had all the railroad tickets and was paying the expenses of all the men. Appellant may be correct in its contention that there has been a miscarriage of justice in this cause and that it has had an unjust verdict rendered against it, but the testimony of appellee and his witnesses, if believed, is amply sufficient to sustain a verdict in his favor.

Appellant next contends that the court erred in refusing to permit it to prove by a number of witnesses that, prior to the night when appellee and his comrades were on the train, the conductor on this particular train had informed his superior officers that he was unable to handle the situation as to gambling on his train and that the conductor had been ordered to apply to the chief of detectives for assistance, and that the court also erred in refusing to allow certain witnesses to testify to circumstances that took place prior to the night in question. There is no claim that appellee or any of the men who were with him

were on the train prior to the night when the present controversy arose or were in any way responsible for any gambling or disturbance on appellant's trains prior to that night. The purpose of the offered testimony was to justify the presence of the special police officers on the train. There was no error in excluding the offered testimony.

Complaint is next made of the action of the court in refusing to give certain instructions, the first of which directed the jury to return a verdict for appellant. What we said concerning the sufficiency of the evidence to sustain a verdict for appellee disposes of this contention. There was no error in this refusal. We have examined each of the instructions tendered and refused, and find no reversible error in the refusal to give any of them.

The next contention of appellant is that the damages assessed are excessive. This contention in our judgment should be sustained. We are unable to understand upon what reasonable basis a judgment for $1,000 can be sustained under the facts in this case. While there is no mathematical rule by which damages can be calculated in cases of this character, we know there must be some reasonable basis for their admeasurement. When it appears to the mind of an appellate court, upon an examination of the evidence, that the damages assessed are so excessive and unjust that the jury in assessing them must have been influenced by prejudice, passion or partiality, or has proceeded upon a wrong principle, a new trial will be ordered. *Pittsburgh, etc., R. Co.* v. *Coll* (1906), 37 Ind. App. 232, 76 N. E. 816. As was said in *Dayton, etc., Traction Co.* v. *Marshall* (1905), 36 Ind. App. 491, 75 N. E. 824: "When it is apparent that the jury have acted on a motive of this character, as testified to by their verdict, it is one of the highest duties of the court

to interfere by setting the verdict aside and submitting the cause to a second jury. It is the unbiased, unprejudiced and impartial judgment of juries which should prevail, and, as we have heretofore said, great latitude should be allowed them in their estimate of damages, but to this there must be a limit, and this limit is overstepped when, from the facts of the case, it is apparent at first blush that the damages allowed are outrageously excessive." In our judgment the damages assessed are so outrageously excessive that it would be a travesty on justice to allow the verdict to stand.

Judgment reversed, with directions to sustain the motion for a new trial.

### On Petition for Rehearing.

McMahan, J.—Appellee contends that we should not have reversed this cause because of excessive damages, but asks in case we do not grant a rehearing, that we exercise our right to order a remittitur so as to bring the action to an end. This court will not weigh the evidence in order to determine whether there should be a recovery. But, in determining whether the damages are excessive and whether there shall be a remittitur, we will consider all the evidence bearing upon that question. If the damages assessed had been for a nominal sum, we would not have reversed the judgment, and while we are of the opinion that justice calls for a new trial, we have, upon mature consideration, concluded that if appellee will within thirty days remit all of the verdict in excess of twenty-five dollars as of the date of the verdict, the cause will be affirmed. Upon failure of appellee to file with the clerk of this court a certificate of the clerk of the trial court showing such remittitur, the order of reversal will stand.

Petition for rehearing denied.