## PIXLEY *v.* CATEY.
[No. 15,214. Filed May 12, 1936.]

*Victor K. Roberts, Ray C. Hedman* and *George E. Hershman,* for appellant.

*A. A. Bremer* and *E. Miles Norton,* for appellee.

WIECKING, J.—This was an action in damages by appellee for personal injuries alleged to have been received as the consequence of an assault and battery by appellant. The complaint was in two paragraphs. To this the appellant filed an answer in two paragraphs; the first

in general denial and the second paragraph a plea of self defense. To the second paragraph of answer the appellee filed a reply in general denial, closing the issues. The cause was submitted to a jury for trial, resulting in a verdict for the appellee in the sum of $1,500.00. The appellant seasonably filed his motion for new trial, which was overruled by the court and judgment entered for the appellee and against the appellant. An appeal to this court was prayed and perfected, the only error assigned here being the action of the court in overruling appellant's motion for a new trial. The grounds of that motion properly presented here under the Propositions, Points and Authorities in the appellant's brief are: (a) that "the verdict of the jury is not sustained by sufficient evidence"; (b) that "the verdict of the jury is contrary to law"; (c) that "the damages assessed by the jury are excessive"; (d) that "the court erred in refusing and failing to give to the jury an instruction as to the measure of damages covering the issuable facts in the cause and limiting the jury in assessing damages"; and (e) error of the court with relation to the admission of certain evidence.

While the evidence concerning the alleged assault, as well as the evidence in support of the plea of self-defense, is in sharp conflict, the jury alone had the right to weigh the evidence and there is sufficient evidence to sustain the verdict from that viewpoint. A much more difficult question is raised by the ground of the motion for new trial charging that the damages assessed are excessive.

The whole theory of damages in civil actions is that the injured party is entitled to compensation or indemnity for the injury or loss sustained. This compensation should be fixed by the jury only upon the evidence introduced in the case as to the right of the injured party to receive such compensation and

the duty of the aggressor to pay, but only what he should justly pay. It must be pointed out that the damages claimed in the present action were alleged to be as the result of an assault and battery by the appellant upon the person of the appellee for which the appellant could also have been prosecuted criminally. In such a case punitive or exemplary damages could not be assessed by the jury. *Borkenstein* v. *Schrack* (1903), 31 Ind. App. 220, 67 N. E. 547, and cases therein cited. *Indianapolis Bleaching Co.* v. *McMillan* (1917), 64 Ind. App. 268, 113 N. E. 1019. It is also pointed out by the appellant that no evidence of any kind was introduced at the trial bearing upon the question of loss of reputation or social standing by the appellee in spite of an allegation in one paragraph of the complaint that appellee suffered "great pain and anguish in body, mind and *in shame and humiliation.*" In the absence of evidence upon this question, the jury could not consider such allegations in arriving at the amount of damages sustained by the appellee. *Timmons* v. *Kenrick* (1913), 53 Ind. App. 490, 102 N. E. 52.

When viewed in the light most favorable to appellee, the evidence shows an assault on the appellee by the appellant, that she was confined to her bed for some four days to a week and that at the time of the trial some eight months later, her testimony was that she was still nervous and had lost considerable weight. No evidence as to her earning capacity was introduced and the evidence of her own medical witnesses was to the effect that the nervousness might be due to natural causes. In our judgment the contention of the appellant that the damages assessed are excessive must be sustained. We cannot see any reasonable basis upon which a judgment for $1,500.00 can be sustained.

"While there is no mathematical rule by which damages can be calculated in cases of this character, we

know there must be some reasonable basis for their ad-measurement. When it appears to the mind of an appellate court, upon an examination of the evidence, that the damages assessed are so excessive and unjust that the jury in assessing them must have been influenced by prejudice, passion or partiality, or has proceeded upon a wrong principle, a new trial will be ordered." *Baltimore, etc., R. R. Co.* v. *Applegate* (1926), 84 Ind. App. 192, 197, 149 N. E. 651; *Dayton, etc., Traction Co.* v. *Marshall* (1905), 36 Ind. App. 491, 75 N. E. 824.

Other errors were assigned and argued by the appellant, but inasmuch as the same questions would probably not arise upon a retrial of the case, we do not discuss them.

The judgment of the Lake Circuit Court is reversed with instructions to grant the appellant's motion for a new trial.

Judgment reversed.