STATE FARM MUTUAL AUTO INSURANCE CO. *v.* MID-CENTURY
INSURANCE CO. ET AL.

[No. 170A5. Filed June 19, 1970. Rehearing denied July 29, 1970.]

*Herbert A. Spitzer, Jr., Gemmill, Browne, Torrance, Sisson
& Morin,* of Marion, for appellant.

*Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,*
of Kokomo, for appellees.

LOWDERMILK, C. J.—Appellant, plaintiff below, State Farm
Mutual Automobile Insurance Company, filed its amended
complaint for damages against Mid-Century Insurance Com-
pany and Willard Gross, appellees, defendants below, for
medical payments paid to appellant's insured. Appellant
based its right of recovery on the theory of subrogation of
its medical coverage endorsement under an automobile policy.

The issues were finally closed by the appellee filing an answer under Supreme Court Rule 1-3 to appellant's amended complaint.

The case was tried to the court without a jury and the parties stipulated the facts which are, in substance, as follows.

Appellant and appellee Mid-Century Insurance Company are corporations organized and engaged in the business of issuing automobile liability insurance policies in the state of Indiana.

Appellant had in force its automobile liability insurance policy on Victor L. Hilton, its named insured; the appellees at no time were parties to said contract of insurance.

Appellee Mid-Century Insurance Company had in force its liability insurance policy on the appellee Willard Gross, the named insured.

On January 14, 1967, Betty L. Hilton, wife of appellant's insured, Victor L. Hilton, while driving his automobile was involved in a collision in the city of Marion with an automobile operated by the appellee Willard Gross, which was at that time insured by his co-appellee.

Appellant paid to Victor L. Hilton and Betty L. Hilton the sum of $345.36 for medical expenses incurred by Betty L. Hilton pursuant to Coverage C—Medical Payments under appellant's automobile policy sold to Victor L. Hilton.

On March 16, 1967, appellant notified appellees of appellant's payment to the Hiltons of $345.36 for medical expenses pursuant to the provisions of appellant's policy and further notified appellees of appellant's subrogation rights under said contract of insurance between it and Hilton, its insured.

Neither of the appellees agreed to protect appellant's alleged medical payments, subrogation interests, and did not otherwise indicate they would give recognition to appellant's claim.

"That on the 16th day of October, 1967, without notice to plaintiff, defendants made settlement in the sum of $7,850 damages and personal injuries with Victor L. Hilton and Betty L. Hilton, arising out of the collision between the said Betty L. Hilton and defendant Willard Gross, which collision occurred on January 14, 1967, as aforesaid."

Thereafter, appellant demanded payment of $345.36 from appellees, which demand was refused and no payment was made, or has been made, to appellant pursuant to the subrogation provisions contained in its policy and its notice made to defendants March 16, 1967.

The parties attached a true and exact specimen copy of appellant's policy to the stipulation of facts, which is identical to Exhibit A of the amended complaint.

The stipulation further sets out the relevant provisions of said insurance policy as follows:

"4. *Subrogation.* Upon payment under Coverages A, B, D, D-50, F, G, H, and division 1 of W-1 and W-2 of this policy the company shall be subrogated to all of the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights and do nothing to prejudice them.

"Upon payment under coverage C, M and divisions 3 of W-1 and W-2 of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payments may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

The stipulation of facts follows the allegations of the amended complaint and this court sees no reason to elaborate further on the amended complaint.

The case was submitted to the court on the pleadings and stipulation of facts and no further evidence was tendered to the court.

The trial court rendered its findings for the appellees and against the appellant and entered its judgment that appellant take nothing by its complaint.

Appellant timely filed its motion for new trial on the ground that the decision of the court is contrary to law, and which motion for new trial was by the court overruled.

Appellant now makes its assignment of errors in one specification only, namely, the court erred in overruling appellant's motion for a new trial.

Appellant in its argument contends that we have here a unique question of law which has not been decided by the Supreme or Appellate Courts of this state. It contends the precise question of law raised by this appeal is "can an insurer enforce its subrogation rights for recovery of medical payments made to its insured pursuant to its contract of insurance which contains the right of subrogation to the extent of any payments, against the tortfeasor and/or the tortfeasor's insurer, when the first insurer has given the tortfeasor and the tortfeasor's insurer notice of its subrogation rights and notwithstanding this notice the tortfeasor and the tortfeasor's insurer thereafter made a full and complete settlement with the insured of the first insurer without regard for the subrogation rights of the first insurer?"

Appellant further contends that under the medical payment provisions of the contract the insurer agrees to indemnify the insured for all reasonable medical and related expenses within the stated limits and further vigorously contends that if the Hiltons are permitted to keep money paid to them by the appellees in their settlement, that the appellant's named insured and his wife (the Hiltons) have, in fact, succeeded in making a double recovery for the amount of medical expenses incurred by Mrs. Hilton in violation of the terms of the policy contract, and is an unjust enrichment.

Appellee contends: (1) that the appellant has made an assignment of a personal injury claim, which is illegal; (2)

that it would be an unjust enrichment for appellant to collect a premium from the injured person and then recover back the benefits which the premium had purchased; (3) the provision relied upon by appellant is unenforceable because of its lack of mutuality; (4) defects of parties in that defendants are not proper parties; (5) separating of causes of action, which is not permitted, as well as other contentions.

While the question presented here is new and novel in the State of Indiana, this court is of the opinion that the assignment of errors is not broad enough to cover the questions presented and argued by the appellant.

The only question presented to this court on this appeal is that the decision of the court is contrary to law and that is the sole question that this court will decide.

Neither of the parties requested special findings of fact and conclusions of law thereon at, or before, the commencement of the trial of this cause. Consequently the court handed down its general findings and rendered judgment thereon. This being a general finding of facts and the parties having made settlement outside of court in the sum of $7,850 for damages and personal injuries with both Betty L. Hilton and Victor L. Hilton, there is no evidence before this court from which it can be determined that the subrogation claim of appellant in the amount of $345.36 was or was not included in such settlement.

The settlement was for damages and personal injuries with the two Hiltons and "damages" is defined as a sum of money to be paid by one person to another as compensation for a loss sustained by the latter in consequence of an injury committed by the former.

" 'Damages' is the estimated money equivalent for the injury sustained, and is the scale or measure of the recovery." I.L.E., Vol. 9, § 2, Damages, p. 323. *Pixley* v. *Catey* (1936), 102 Ind. App. 213, 1 N. E. 2d 658; *State, ex rel.,* v. *Jacobs* (1924), 194 Ind. 327, 142 N. E. 715.

The damages in the case at bar for which the Hiltons were compensated could possibly consist of many items. We need not recount the elements which might be considered by the court in estimating damages or which might have been considered by the parties when they arrived at the settlement figure of $7,850.00.

At the time of the collision and injuries complained of, Burns' Ind. Stat. § 2-2102 was in full force and effect. (It has since been repealed by the new 1970 Indiana Rules of Procedure.) Said statute reads in part as follows:

"Special finding of facts and conclusions of law—Withdrawal of cause from judge.—Upon trials of questions of fact by the court, it shall not be necessary for the plaintiff or defendant, unless one of the parties requests it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; * * * "

Indiana Rules of Procedure, 1970. Trial Rule 52—Findings by the Court provides that:

"(A)   Effect. In case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39 (D)) shall find the facts specially and state its conclusions thereon. The court shall make special findings of fact with a request:
"(1)   * * *
"(2)   * * *
"(3)   in any other case provided by these rules or by statute. * * * "

The only question before us being that the decision of the court is contrary to law, we shall apply the test in the landmark case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, wherein our Supreme Court said:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached

an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

Applying the test, we find that the evidence is without conflict and that there was no evidence before the trial court that the subrogation payment of $345.36 was included in the aggregate amount paid to the Hiltons, and, in fact, there was no evidence in the record establishing just what items made up the total payment of $7,850.

We are of the opinion that under the evidence the trial court reached the proper conclusions and that its decision was correct and was not contrary to law.

Judgment affirmed.

Costs versus appellant.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 259 N. E. 2d 424.