Irving S. Aronin, J.
Plaintiffs bring this motion to enter judgment against the defendant alleging the failure of defendant to pay the settlement admittedly made between the parties. This the defendant’s carrier denies, setting forth its contention that payment was made.
Although the afore-mentioned positions appear diametrically opposed, there is no substantial dispute as to the facts. The crux of the matter herein, concerns the issuance of a *954 check for $522.25 by defendant’s carrier to a carrier that made medical payments to the plaintiffs and which possessed a right of subrogation for said payments.
Defendant’s carrier asserts that the afore-mentioned right of subrogation is a lien and is to be so treated. Plaintiffs urge that the right of subrogation does not create a lien. Plaintiffs further state that the settlement herein does not concern itself with medical expenses since they did not sue for same.
The undisputed facts are as follows:
Plaintiffs, husband and wife, sued defendant in this action alleging five causes of action. Two causes of action were for personal injuries for each plaintiff, two causes of action for loss of services, and a cause of action for property damage on behalf of plaintiff husband. The aforesaid causes of action were settled for the sum of $3,821.78.
Prior to the settlement herein, the defendant’s carrier received a communication from the plaintiff husband’s carrier advising defendant’s carrier that it paid to plaintiffs under the medical coverage clause of its policy the total sum of $522.25. That by virtue of said payment and pursuant to said policy the plaintiff husband’s carrier became subrogated to the rights of the plaintiffs to the extent of the medical payments. This communication further stated, "Please arrange to protect our subrogation rights, as aforesaid, and forward us your separate draft in the total sum of $522.25 in the event of any recovery, or settlement, by the Fausts against your insured.”
Pursuant to the afore-mentioned communication, after the case was settled, the defendant’s carrier issued three checks. One check was issued to both plaintiffs and their attorney (on the argument of this motion this attorney was identified as the trial counsel) in the sum of $2,877.75 for personal injuries; a second check was issued to plaintiff husband and another attorney (identified in the argument as the attorney of record) in the sum of $421.78 for property damage; and a third check was issued directly to the plaintiffs’ carrier based on its right of subrogation in the sum of $522.25.
As the instant motion indicates, plaintiffs objected to the issuance of the check in the sum of $522.25 by defendant’s carrier to the carrier that made medical payments. Once the dispute herein evolved, the check for $2,877.75 was returned to the defendant’s carrier, and upon the argument of the motion, the court ascertained that the check for $421.78 still remains undeposited and unaccepted.
*955 The primary question, therefore, that must be resolved is whether a right of subrogation as herein described is a lien and whether the defendant’s carrier was duty bound to treat it as a lien.
The court had little success in finding a precedent directly in point. Nor was any such precedent advanced by either of the contending parties.
The defendant carrier in support of its position urges two rules of law. The first is that a carrier which pays medical payments, pursuant to its policy, which policy provides for a right of subrogation, is entitled to be subrogated to the extent of such payments (Miller v Liberty Mut. Ins. Co., 48 Misc 2d 102). The second rule urged is that a defendant may set off medical payments made by deducting same from the amount of settlement (Moore v Leggette, 24 AD2d 891, affd 18 NY2d 864; Grynbal v Grynbal, 32 AD2d 427).
However, neither of the afore-mentioned rules is dispositive of the issues in the instant case.
It is not disputed in the instant case that a carrier making medical payments under such a policy is entitled to be subrogated to the extent of its payment. This, however, gives to plaintiff husband’s carrier merely a right to be pursued, either against the tort-feasor, such as exists in property damage subrogation cases, or, if plaintiff sued and collected for medical payments, in a suit against the plaintiffs. However, in any suit against the plaintiffs, the subrogee would necessarily be compelled to prove that medical payments were recovered from the tort-feasor (Silinsky v State-Wide Ins. Co., 30 AD2d 1). In the instant case, there is no assertion by defendant’s carrier that the settlement included medical payments.
It is manifestly unjust to require the recipient of medical payments, who pays a premium for such coverage, and who is called upon to grant a right of subrogation to the payor, to then, through his or her lawyer, act as a collection agency for the paying carrier in a suit against the tort-feasor. Neither the recipient nor the lawyer has been retained to act in this capacity. Nor can the carrier who made the medical payments sit back and become enriched by the fruits of their efforts and endeavors, particularly, when, as here, none of plaintiffs’ causes of action related to medical expenses.
Only if there is a clear-cut unequivocal understanding that the tort-feasor’s carrier is including medical payments in the *956 settlement of a claim, and the plaintiffs consent to the disbursing of the medical payments to its carrier can the checks be disbursed as herein.
The assertion of defendant’s carrier that a right of subrogation held by another carrier creates a lien which they are obligated to obey and duty bound to pay is untenable.
The right of subrogation merely is the substitution of one person in the place of another with respect to a right or claim. The successor, who is so substituted, as here by making medical payments to the plaintiffs under a policy of insurance wherein the right of subrogation is retained, succeeds only to the rights and remedies of the persons paid.
It is in no way a lien which is a charge or incumbrance upon property.
The right of the carrier which made the medical payments pursuant to a contract of insurance is to pursue its contractual subrogation right against the tort-feasor or, if it can prove payment of the medical expenses by the tort-feasor to the plaintiffs, proceed against the plaintiffs on contract.
Accordingly, defendant’s carrier was in error when it gratuitously sent part of the plaintiffs’ settlement to the subrogee. There was no lien duty bound to be obeyed. All plaintiff husband’s carrier possessed was the right to proceed on plaintiffs’ behalf for its medical payments.
There is no need herein to discuss the collateral source rule or its exceptions since the ruling determinative of the matter is as previously set forth.
The court therefore concludes that the plaintiff is entitled to enter judgment against the defendant for the sum of $3,821.78, with interest, costs and disbursements, unless within 20 days from the date of entry and service of a copy of the order herein defendant shall pay to the attorney for the plaintiffs the full amount of the settlement.