John H. Doerr, J.
This is a motion by plaintiff to dismiss a lien and pay over the funds withheld by its mandate.
Plaintiff’s decedent was killed instantly in an automobile accident. He was insured at the time with Allstate and his policy included no-fault coverage VA-mandatory personal injury protection, and no-fault coverage VB-additional personal injury protection. An increased premium was charged and paid by decedent for the VB coverage under which Allstate was obligated to pay additional losses in addition to the mandatory protection including the payment of funeral expenses as an extended economic loss.
*886 Decedent had no hospital or medical expenses and the only amount paid by Allstate was the funeral expense of $1,976.
The defendants were insured through Insurance Company of North America (I.N.A.) and the wrongful death action against them was settled for $23,950 by order of this court which approved such payment. After an allowed deduction of counsel fees, the balance thereof was to be paid to decedent’s father and mother (now deceased).
The only benefit to decedent’s estate is the sum of $942 which represents the proceeds of the property damage recovery.
On December 15, 1975, Allstate wrote a letter to I.N.A., with a copy thereof to plaintiffs counsel, as formal notice of the subrogation rights relative to the policy issued to decedent under coverage VB for the payment of the $1,976.
By later correspondence on April 13, 1976, and after alleging settlement of the claims involved, Allstate requested payment of the VB funeral expense lien.
It is this lien which plaintiff seeks to judicially cancel.
Plaintiff argues that Allstate is limited in its right to recover the funeral expenses paid as being outside the scope of allowable first-party benefits as defined in the Insurance Law. That statute in pertinent part provides that " 'Basic economic loss’ shall not include any loss incurred on account of death.” (Insurance Law, § 671, subd 1.)
There is no question that if plaintiffs intestate had the minimum VA-mandatory personal injury protection coverage Allstate would not have paid the funeral bill in the first instance. However, plaintiffs intestate had purchased the extra coverage VB which provided for the payment under extended economic loss of "all reasonable and necessary funeral expenses up to the limit set up in the declarations.”
Immediately after the provision as set forth, the policy language at page 6 provides: "Subrogation * * * In the event of any payment for extended economic loss, Allstate is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made”.
Plaintiff urges a strict construction of subdivision 1 of section 671 of the Insurance Law and argues that since such statute excludes funeral bills from first-party benefits, Allstate is not an insurer qualified under section 674 of the Insurance *887 Law and a fortiori the lien here should be canceled. While such argument is novel, the court does not believe that this case can be so simply determined.
The question presented more appropriately seems to relate to the contractual rights between insured and insurer.
As pointed out under VA coverage the refusal of Allstate to pay the funeral expenses of decedent would have received judicial approval.
Can the parties contract for more extensive protection than that afforded by the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art XVIII)?
This court answers that question in the affirmative.
The parties cannot contract, without legislative authorization, to less than mandated by statute, and it could well be that an attempt to do so would be vitiated by the courts as being contrary to public policy.
Since Allstate had no first-party benefits obligation to pay the contested bill, were they able to offer such additional protection under the extended VB protection and charge an additional premium for that coverage?
I find no statutory prohibition to such agreement. Actually such broader coverage would be beneficial to a decedent’s estate were he to be killed in an automobile accident due to his own negligence.
Nor do I find any difficulty in the policy terms by which Allstate is subrogated to the extent of payments made for extended economic loss. Certainly the funeral bill was paid for the benefit of decedent’s mother and father and the lien was properly asserted against the wrongful death proceeds.
The lien is a valid one and plaintiff’s motion is in all respects denied.