OPINION OF THE COURT
Seymour Boyers, J.
Plaintiff moves by order to show cause to vacate the lien asserted by his insurer, Crum & Forster Insurance Company (hereinafter "Crum & Forster”), against the sum received in a malpractice action.
On February 10, 1975 plaintiff incurred injuries in a motor vehicle accident, which required examination and treatment at Elmhurst General Hospital. As a result of that hospital’s *749 alleged misdiagnosis a medical malpractice claim was commenced against the defendant herein and later settled before this court. Crum & Forster thereafter advised the parties of its lien against the settlement moneys from the malpractice action based on its prior payment of "no-fault benefits” to the plaintiff insured following his motor vehicle accident. No showing has been offered as to the nature of these payments, nor is there any indication of such in the opposing affidavit.
The payment by this insurer of "no-fault benefits” clearly falls under the Comprehensive Automobile Insurance Reparations Act, commonly known as the no-fault law, wherein the common-law tort right to recovery for "basic economic loss” as between "covered persons” was abrogated and replaced by the rapid payment of "first-party benefits” to reimburse the person injured as a result of a motor vehicle accident (Insurance Law, § 671, subd 2; § 672, subd 1). To prevent double recovery the statute now bars the insured from instituting any action for personal injury to recover for losses so reimbursed. In view of this limitation, the insurer who paid out first-party benefits is not entitled to a lien, but instead is afforded an intercompany arbitral process under section 674 of the Insurance Law. Section 673 of the Insurance Law does provide the insurer with a "lien”, but only where recovery is made in an action by a covered person against an "uncovered person” (Insurance Law, § 673, subd 2). The other method providing for reimbursement of the insurer in the automobile policy is by subrogation to the rights of the insured, either under the basic terms of the insurance contract itself or the extended no-fault protection provisions that may be opted by the insured (11 NYCRR 65.3; Scinta v Kazmierczak, 59 AD2d 313, 317).
Crum & Forster has encumbered the distribution of the moneys recovered by plaintiff in the malpractice action through its assertion of what it refers to as a "lien”. Even assuming a mistaken reference by this insurer to what indeed may be a subrogation right, as to which this court makes no determination, the methods for reimbursement are distinguishable. "The right of subrogation merely is the substitution of one person in the place of another with respect to a right or claim. * * * It is in no way a lien which is a charge or encumbrance upon property” (Faust v Luke, 80 Misc 2d 953, 956).
Crum & Forster, as a no-fault insurer, has failed in its papers to demonstrate any statutory or other authority for its *750 lien against a settlement sum paid in a malpractice action for aggravation of the original injury incurred in a motor vehicle accident.
Accordingly, the motion to vacate is granted without prejudice to any other rights and remedies which the insurer may pursue if it be so advised.