ROBERT C. BIETTE, Respondent, v EVELYN M. BAXTER, Respondent, and ZIMMER-PETE, INC., et al., Appellants.

Third Department, January 29, 1981

APPEARANCES OF COUNSEL

*Friedman, Maksail & Hirschen (Thomas H. Hirschen* of counsel), for appellants.

*Richard T. Horigan* for Evelyn M. Baxter, respondent.

**OPINION OF THE COURT**

SWEENEY, J.

On this appeal, we are concerned with a single question of law. Does subdivision 2 of section 673 of the Insurance Law authorize a lien on these undisputed facts? Plaintiff was injured when his motorcycle was in a collision with an automobile owned and operated by defendant Baxter. Plaintiff received medical treatment for the injuries sustained, including surgical installation of a femoral compression

plate in his right leg. The plate was manufactured and distributed by defendants Zimmer USA, Inc., and Zimmer-Pete, Inc., and we will refer to them hereafter as Zimmer. The plate subsequently fractured, causing plaintiff to undergo further surgical procedures.

Plaintiff brought an action against Baxter based on the negligent operation of her vehicle. He also sued Zimmer alleging three causes of action based on negligent manufacture, breach of warranty and strict products liability. Zimmer and Baxter have each asserted cross claims against the other. Baxter's insurer, State Farm Automobile Insurance Company (State Farm) has paid plaintiff's medical bills and lost wages in a sum approximating $12,000. State Farm informed Zimmer and plaintiff that it was asserting a lien pursuant to subdivision 2 of section 673 of the Insurance Law against any recovery by plaintiff against Zimmer. Zimmer moved to vacate the lien and plaintiff supported the motion. Zimmer contends that the action between plaintiff as a "covered person" and Zimmer as a "non-covered person" is not the type of action giving rise to an insurer's lien under the Insurance Law, and, consequently, State Farm can have no lien on any settlement proceeds in the action between plaintiff and Zimmer. It is urged, therefore, that the lien must be vacated. Special Term disagreed and denied the motion. This appeal ensued.

Initially, we note that while Zimmer could be liable for the aggravation of the injury due to the alleged faulty plate and Baxter liable for further injuries caused by the fracture of the plate, Baxter and Zimmer are not joint tort-feasors. An examination of the complaint establishes that separate and distinct causes of action are alleged arising out of independent and successive wrongs. Zimmer, under the circumstances, could not be liable for the injuries caused by Baxter's operation of her automobile (see *Derby v Prewitt*, 12 NY2d 100, 103, 105, 106). A reading of the pertinent part of subdivision 2 of section 673 in light of the instant facts and circumstances clearly demonstrates that the statute does not provide for a lien since the action against Zimmer is not one where damages for personal injuries arising out of the operation of a motor vehicle may

be recovered (cf. *Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson]*, 71 AD2d 1004; *Hayes v New York City Health & Hosps. Corp.*, 97 Misc 2d 748).

The order should be reversed, on the law, with costs, and the motion granted.

MAHONEY, P. J., KANE, MAIN and CASEY, JJ., concur.

Order reversed, on the law, with costs, and motion granted.