OPINION OF THE COURT
Robert E. White, J.
Defendants, the Travelers Insurance Companies (Travelers) and attorney Paul J. Yesawich, III (Yesawich), bring this motion to dismiss State Farm Automobile Insurance Company’s (State Farm) complaint for failure to state a cause of action. Travelers moves for summary judgment, and State Farm has cross-moved for summary judgment.
This is an action by State Farm against Travelers and Yesawich to recover $1,911.18 State Farm paid to the estate of Gary Lloyd as a funeral benefit, pursuant to an insurance policy issued by State Farm to Gary Lloyd. Contained in that insurance policy was an additional personal injury indorsement which provided extended economic loss coverage including funeral benefits. The complaint alleges Yesawich and Travelers failed to satisfy a lien filed against the proceeds of a settlement of a third-party action commenced by Yesawich as attorney for the estate of Gary Lloyd.
*571 The underlying facts of this lawsuit are not in dispute. On or about February 22,1975, a motor vehicle owned and operated by Gary Lloyd and a motor vehicle owned by Rebecca Lathrop, and operated by Thomas Moltz, collided resulting in the death of Gary Lloyd. Thereafter, Golden Lloyd, individually and as administrator of the estate, retained Yesawich as his attorney, and commenced a wrongful death action against Lathrop and Moltz. Travelers, as the insurance carrier for Lathrop, defended the action.
During the pendency of the action, State Farm filed a lien, pursuant to subdivision 2 of section 673 of the Insurance Law against the proceeds of any settlement of the wrongful death action. Thereafter, the action was settled for $31,911, payment being made by Travelers in two checks; one payable to Yesawich for his fees and disbursements, and the other to Golden Lloyd. Neither Travelers nor Yesawich paid State Farm the $1,911.18 over which it claimed a lien.
State Farm’s cause of action is based solely on the lien provided for by subdivision 2 of section 673 of the Insurance Law. That section reads in pertinent part as follows: “In any action by or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person.” (Emphasis added.) This section clearly provides that an insurer shall have a lien only on actions by a covered person against a noncovered person, and only with respect to amounts paid for first-party benefits.
A covered person is defined as: “any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.” (Insurance Law, § 671, subd 10.)
*572 It is not disputed that all the.parties to the underlying wrongful death action were covered persons within the aforesaid definition. Since none of the parties were poncovered persons, it follows that section 673 of the Insurance Law is not applicable, and thus, State Farm does not have a lien on the proceeds of the settlement of the wrongful death action.
Despite the clear language of the statute, State Farm argues that the decision in Narus v Pixley (88 Misc 2d 885) is authority for its argument that it has a cause of action against the attorney for the estate and the carrier in the wrongful death action. Its reliance is misplaced.
Narus was a motion by an administrator of an estate to have a subrogation notice filed by the decedent’s no-fault carrier against the proceeds of a settlement of the wrongful death action vacated. The wrongful death carrier on receiving the notice withheld payment of the amount claimed.
The no-fault carrier, as in the case at bar, had paid to the estate funeral benefits, and by its notice was seeking reimbursement to the extent of the benefits paid.
The court in dismissing plaintiff’s motion determined that the no-fault carrier was, by the terms of its policy, subrogated to the extent of payments made for extended economic loss. Unfortunately, the court used the terms, “subrogation” and “lien” interchangeably. Upon analysis of the case, it is clear the court was discussing “subrogation” and not “liens”.
Moreover, the Narus case cannot be read as imposing a requirement on a carrier in a wrongful death action to withhold amounts claimed by a notice of subrogation. A right of subrogation does not constitute a lien or encumbrance on the proceeds of a settlement (Hayes v New York City Health & Hosps. Corp., 97 Misc 2d 748), but rather is the right of one person upon discharging another’s obligation to be substituted for the other person’s obligee so as to stand in the same position as the obligee had stood against the other person before the obligation was discharged. (57 NY Jur, Subrogation, § 1, p 35.)
*573 The Narus case then does not provide authority for State Farm’s attempt to impose liability upon Yesawich and Travelers, since such liability could only be predicated upon a violation of a valid lien.