This is an action by the insurer against the insured to retrieve insurance benefits paid under the subrogation rights of the insurance policy. For the reasons we will state, we affirm.
The facts are not in dispute. On December 12, 1982, Mae Palmer, defendant-appellant, and her husband were involved in an automobile accident. In addition to personal injuries, the appellant suffered out-of-pocket expenses and property damage. Palmer's medical expenses and doctors' fees were paid by Blue Cross-Blue Shield of Alabama, plaintiff-appellee, under a group plan with her employer. The total amount of medical insurance benefits paid on appellant's behalf by the appellee totalled $2,944.05. After these benefits were paid, the appellee placed appellant on notice of its right to reimbursement from any recovery from the tortfeasor. After said notice, appellant settled her claim with the tortfeasor for $15,000.
The insurance policy contains the following subrogation clause:
"ARTICLE XV — SUBROGATION
 "In states where a Participating Plan serving the area is able to administer subrogation, the provisions of the following paragraphs shall apply and shall be implemented in accordance with the Participating Plan's local practice and any applicable state laws or regulations.
 "1. To the extent that benefits are provided or paid under this Contract, the Participating Plan shall be subrogated and succeed to any rights for recovery of a Subscriber for expenses incurred against any person or organization except insurers on policies or health insurance issue to and in the name of the Subscriber.
 "2. The Subscriber shall pay the Participating Plan all amounts recovered by suit, settlement, or otherwise from any third party or his insurer to the extent of the benefits provided or paid under this Contract.
 "3. The Subscriber shall take such action, furnish such information and assistance and execute such papers as the Participating Plan may require to facilitate enforcement of its rights, and shall take no action prejudicing the right and interests of the Participating Plan under this Contract."
Appellee demanded reimbursement of the insurance benefits from the proceeds of appellant's settlement. Appellant refused and was consequently sued by the appellee. On motion for summary judgment, the trial court upheld the subrogation clause and held for Blue Cross. Hence this appeal.
At issue here is the validity of the subrogation clause that gives Blue Cross the right to be subrogated and to the extent of benefits provided to any recovery by the insured. Blue Cross relies on Alabama Farm Bureau Mutual Casualty Insurance Co. v.Williams, 365 So.2d 315 (Ala.Civ.App. 1978), and Alabama FarmBureau Mutual Casualty Insurance Co. v. Anderson, 48 Ala. App. 172, 263 So.2d 149 (1972), for the proposition that express contractual provisions for subrogation between the insured and the insurer are valid. These cases uphold the right to reimbursement from proceeds recovered by the insured from a tortfeasor. Anderson controls under the facts presented in this case *Page 201 
and cites with favor cases which validate just such a subrogation clause as the one at bar.
Appellant asserts that Clause # 1, which gives Blue Cross the right to be "subrogated and succeed to any rights for recovery," violates public policy and equitable considerations as an assignment of a personal injury claim and a splitting of a cause of action. The court finds this issue is impertinent to the facts at bar. Blue Cross asks only for reimbursement from proceeds under Clause # 2 of Article XV — Subrogation. A question not directly involved and not necessary to the decision need not be considered. Maddox v. Dunklin, 163 Ala. 278,50 So. 277 (1909).
Thus we hold the subrogation agreement at bar valid under the facts of this case.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.