Blue Cross and Blue Shield of Alabama appeals from a denial of its motion for summary judgment and motion for distribution of its subrogation interest from the proceeds of a consent judgment entered on behalf of the plaintiff-insured, Monica Ruie Bolding, suing by and through her father as next friend.
This action was commenced in circuit court by a complaint filed on behalf of Monica Bolding, a minor, by her next friend and father, Charles Bolding, against Wilbur Lee Jones and Garrison Hauling Company for damages for Monica's pain and suffering. The claims asserted against Jones and Garrison arose out of an automobile accident in which Monica and her mother were injured.
Elizabeth Bolding, plaintiff's mother, was covered by a health benefits contract issued by Blue Cross to the Bibb County Board of Education. Monica and Charles Bolding were "members" under the contract issued to Elizabeth Bolding. Monica received from Blue Cross the payment of benefits in the amount of $6,351.43 for medical services in the treatment of the injuries she sustained in the automobile accident. Blue Cross moved to intervene in the above suit, which motion was granted.
Prior to the intervention of Blue Cross, this action had been set for pretrial conference and for trial on a consolidated docket. The pretrial conference was held on May 25, 1983, and by agreement the case was set for June 8, 1983. Blue Cross did not appear at this pretrial conference because it had not received notice of the conference, apparently since the docket had been issued prior to its intervention. On June 9, 1983 a consent judgment was entered in favor of the plaintiff in the amount of $24,000. Blue Cross first learned of this judgment on August 25, 1983, having received no notice of the settlement hearing. Blue Cross then filed a motion for relief from judgment. No order appears in the record granting this motion; instead, judgment was entered without prejudice to Blue Cross's pending motion for summary judgment. The court entered judgment in favor of plaintiff and against Blue Cross on the grounds that: the plaintiff did not sue for and was not entitled to recover medical expenses in treatment of her injuries; the plaintiff is a minor and entered into no contract with the intervenor, Blue Cross; *Page 411 
and no contractual or equitable right of subrogation existed in favor of Blue Cross.
Two other actions were filed by the Boldings, one by the mother, Elizabeth Bolding, for her injuries sustained in the automobile accident, and another by the father, Charles Bolding, for medical expenses incurred in the treatment of his daughter, Monica, and loss of her services. Elizabeth Bolding settled her claim for $32,000 and Charles settled his claim for Monica's medical expenses for $128. Blue Cross chose not to intervene in Elizabeth Bolding's case because the medical benefits paid to her amounted to less than $100. Blue Cross did not intervene in Charles Bolding's suit because it did not learn of the father's suit until after the time to intervene had passed.
The primary issue on this appeal is whether Blue Cross is entitled to subrogate against the estate of a minor resulting from a recovery by the minor of damages in an action by and through her father as next friend against the tort-feasors. The subrogation provision in the Blue Cross medical benefits contract is as follows:
"SECTION XI — SUBROGATION
 "In the event of payment or provision otherwise by the Company of any benefits under this Contract, the Company shall, to the extent thereof, be subrogated and shall succeed to all rights of recovery (whether in contract, tort, or otherwise) which the Member or any other person has against any person or organization and shall be subrogated and succeed to the proceeds of any settlement or judgment that may result from the exercise of any such rights of recovery. Upon payment or provision by the Company of any such benefits, the Member or any other person having any rights of recovery or proceeds therefrom shall execute and deliver such instruments or papers and do whatever else is necessary to secure to the Company such rights of recovery and proceeds and shall do nothing to prejudice such rights."
Blue Cross argues that the subrogation provision entitles it to succeed to the proceeds of any settlement or judgment resulting from any right of recovery, regardless of whether that recovery was for medical expenses or not. Plaintiff asserts, however, that Blue Cross should have no right of subrogation to her consent judgment against the tort-feasors, because her judgment did not include an award for medical expenses. She urges that before subrogation can arise she must have been paid the same debt by Blue Cross and the tort-feasor. Therefore, she concludes that Blue Cross should have intervened in her father's suit since he recovered for medical expenses and she did not. We agree with the plaintiff.
Blue Cross relies on Palmer v. Blue Cross/Blue Shield,460 So.2d 199 (Ala.Civ.App. 1984), as support for its argument that it has a right to reimbursement from the proceeds of any recovery by its insured against the tort-feasor. Palmer, however, merely states that a subrogation provision that entitles an insurer to be subrogated to the extent of benefits provided to any recovery by the insured is valid, and does not address the situation where the insured's recovery from the tort-feasor was for damages different from those paid for by the insurer. Nor does Palmer discuss the applicability of such a provision to the facts in this case. The controlling case on our facts is Alabama Farm Bureau Mutual Casualty Insurance Co.v. Williams, 365 So.2d 315 (Ala.Civ.App. 1978). In Williams the father filed an action against the tortfeasor claiming damages and medical expenses for his own injuries, the wrongful death of his daughter, and medical expenses and loss of services of his wife and other daughter. Alabama Farm Bureau contended that its right of subrogation extended to all sums recovered by the father, the wife, and the child until it recouped all sums it was obligated to pay under the medical benefits coverage. The court replied:
 "Because there was available from the assets of the tort-feasor only $500 for settlement and payment of the plaintiff's right of recovery for medical expense of *Page 412 
himself, wife and surviving daughter, defendant can recoup only that amount from the sums due therefor under the policy. That is no more, from aught that is shown, than defendant could have recovered as subrogee of plaintiff had it first paid plaintiff and then sought recovery from the tort-feasor. Defendant could only be subrogated to the right of recovery for medical expenses. Only the plaintiff had such right of recovery as we have shown. The insurer cannot assert any claim by way of subrogation unless the insured has a claim against the third person to which the insurer can be subrogated. The wife and child had the right to recover for their personal injury. Defendant could claim no subrogation to that right." (citation omitted)
In accord with Williams is Faust v. Luke, 80 Misc.2d 953,364 N.Y.S.2d 344 (1975). In Faust the insureds received $500 from the insurer for medical expenses incurred in an accident. The insureds later sued the tort-feasor, seeking damages for personal injuries, loss of services, and property damage. The insureds settled in the amount of $2,000 for their personal injury claims and $400 for property damage. The court ruled that in order for the insurer to recover the amount it paid from this settlement it must prove that medical payments were recovered from the tort-feasor [citing Silinsky v. State WideInsurance Co., 30 A.D.2d 1, 289 N.Y.S.2d 541 (1968)]. Since there was no proof that the settlement included medical payments, the insurer was not entitled to be subrogated to the insured's claims.
Mr. Bolding received only $128 for Monica's medical expenses in his suit. Blue Cross could be subrogated only to this recovery. According to the above cases, in order for Blue Cross to be subrogated to Monica's settlement, she must have recovered medical expenses from the third party tort-feasor.See State Farm Mutual Automobile Insurance Co. v. Mid-CenturyInsurance Co., 147 Ind. App. 258, 259 N.E.2d 424 (Ind.Ct.App. 1970). See also Mutual Hospital Insurance Co. v. MacGregor,174 Ind. App. 550, 368 N.E.2d 1376 (Ind.Ct.App. 1977); Westendorf byWestendorf v. Stasson, 330 N.W.2d 699 (Minn. 1983); NationalUnion Fire Insurance Co. v. Grimes, 278 Minn. 45,153 N.W.2d 152 (1967) (indicating that the insurer may not have been entitled to subrogation if medical expenses had not been included in the settlement). The evidence in the case at bar did not show that Monica's settlement with the tort-feasor included medical expenses.
Ordinarily, the father may recover in a separate suit for the loss of his child's services and for medical expenses incurred in treating his child. See Smith v. Richardson, 277 Ala. 389,171 So.2d 96 (1965); Franklin v. Georgia Casualty Co., 225 Ala. 58,141 So. 702 (1932). The minor is not entitled to such a recovery. However, Blue Cross contends that Monica was entitled to recover medical expenses and that, in fact, she did so. Blue Cross maintains that because Monica's father sued on her behalf as next friend he waived his right to a separate action for medical expenses in her favor. See Cabaniss v. Cook,353 So.2d 784 (Ala. 1977).
Blue Cross interprets Cabaniss to mean that a father automatically waives his right to recover medical expenses when he brings an action as next friend of his minor child. However, the following statement is found in 67A C.J.S. Parent and Child
§ 142 (1978):
 "There is no waiver, however, where the parent is not shown to be connected in any way with the child's action, or to have had notice thereof, beyond the fact that the child lived with the parent; nor does the parent waive the right of action by suing as next friend for the child's pain and suffering and permanent impairment of earning capacity after majority, or by participating in the child's action or claim, where the child is not claiming damages to which the parent is entitled." (footnotes omitted)
The supreme court in Cabaniss referred to similar language with approval, indicating that when a parent, as next *Page 413 
friend, brings an action for the entire injury or permits the child to recover for lost wages and medical expenses the parent waives his right to maintain a separate action for these damages. Moreover, in Broughton v. Kilpatrick, 362 So.2d 865
(Ala. 1978), the supreme court interpreted Cabaniss to hold that:
 "[W]here the father, acting as next friend of the minor, brings suit for his minor child, claiming, inter alia, medical expenses for the minor, he waives, in the child's favor, his (the father's) right to recover the expenses of medical treatment and loss of services and is thereafter estopped to claim them in a separate suit."
Therefore, a father suing as next friend of his minor child does not automatically waive his right to recover medical expenses in a separate suit, but does so when he voluntarily permits his minor to sue for medical expenses and other expenses to which he (the father) would otherwise be entitled.
It is apparent from the record that Monica's suit, brought by her father as next friend, was instituted to recover damages for personal injury alone. In fact, the father later filed a separate suit claiming damages for medical expenses he incurred in Monica's treatment. Monica's father did not permit Monica to recover for her entire injury, nor did he permit her to recover expenses to which he was entitled. Thus, Mr. Bolding did not waive his right to recover such expenses in favor of Monica.
Blue Cross further argues that Monica's recovery included medical expenses because her complaint was sufficiently broad to encompass medical expenses. Monica's complaint alleged that as a proximate consequence of the negligence of defendants plaintiff was injured as follows: (1) she suffered various fractures and bruises, (2) she was required to be hospitalized for ten days, (3) plaintiff suffered much pain and mental anguish, and (4) plaintiff suffered permanent scars. Blue Cross relies on the holding in Foodtown Stores, Inc. v. Patterson,292 Ala. 477, 213 So.2d 211 (1968), as support for this argument. In Foodtown Stores, supra, the allegation was: "`* * * [Plaintiff] was caused to incur and expend great sums of money in and about the treatment of said wife and in the future will be required to [do so] . . . .'" (first brackets theirs) The complaint in the instant case contains no allegation of expenses, nor of treatment. Furthermore, our courts have held that damages for the cost of medical treatment must be specially claimed. Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388 (1961); Atlantic Coast Line Railroad v.Watson, 215 Ala. 254, 110 So. 316 (1926). Plaintiff's complaint does not sufficiently allege a claim for medical expenses. Accordingly, Blue Cross is not entitled to recover the medical expenses that it paid to Monica out of her suit to recover damages for personal injury and pain and suffering.
Last, Blue Cross appeals to this court that notwithstanding the judgment given by the trial court it should be entitled to a recovery because of the total absence of any notice to it of the consent judgments and because the Boldings so worded their complaints as to deny it any right to recoupment. See LibertyMutual Insurance Co. v. Manasco, 271 Ala. 124, 123 So.2d 527
(1960). Liberty Mutual, cited by Blue Cross, is distinguishable from this instant case in that the plaintiff in Liberty Mutual
had stricken from his complaint a claim for damages for medical expenses after the insurer intervened in plaintiff's suit. Monica's complaint has never been amended.
In Liberty Mutual the plaintiff was the only party who could recover medical expenses, and he chose not to do so, in order to prevent the insurer from receiving reimbursement. In the instant suit the right to recover medical expenses was vested primarily in Monica's father, and Blue Cross should certainly have known this, since the minor's father incurs primary liability for his child's expenses under Alabama law. Osborn v.Weatherford, 27 Ala. App. 258, 170 So. 95 (1936). Furthermore, *Page 414 
if Blue Cross had merely inquired, they would have discovered Mr. Bolding's suit to recover medical expenses. We find Blue Cross's reliance on Liberty Mutual unpersuasive. We further find that Blue Cross was not prejudiced by the Boldings' failure to give them notice of the above proceedings, since the Boldings entered into a consent judgment without prejudice to Blue Cross's right of subrogation and permitted Blue Cross to later contest the judgments. Nor does it appear that the Boldings intentionally deceived Blue Cross.
Therefore, we affirm the judgment of the trial court denying Blue Cross's motion for summary judgment and its right of subrogation against the estate of the minor, Monica Bolding.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.